1   JOHN R. O'GORMAN
        Texas Bar No. 24121292; jogorman@ftc.gov
2   LUIS GALLEGOS
        Oklahoma Bar No. 19098; lgallegos@ftc.gov
3   REID TEPFER
        Texas Bar No. 24079444; rtepfer@ftc.gov
4
    Federal Trade Commission
5   1999 Bryan St., Suite 2150
    Dallas, TX 75201
6   Phone: (202) 758-7704 (O'Gorman)
    Fax: (214) 953-3079
7
    *Attorneys for Federal Trade Commission*
8
                    **UNITED STATES DISTRICT COURT**
9                       **DISTRICT OF NEVADA**

10
    FEDERAL TRADE COMMISSION,
11
                          Plaintiff,              Case:  24-cv-2163-GMN-MDC
12
        v.
13                                                ***EX PARTE* TEMPORARY
    SUPERIOR SERVICING LLC, a limited             RESTRAINING ORDER WITH ASSET
14  liability company; and                        FREEZE, APPOINTMENT OF A
                                                  TEMPORARY RECEIVER, AND OTHER
15  DENNISE MERDJANIAN, aka                       EQUITABLE RELIEF, AND ORDER TO
    Dennise Correa, individually and as           SHOW CAUSE WHY A PRELIMINARY
16  managing member of SUPERIOR                    INJUNCTION SHOULD NOT ISSUE**
    SERVICING LLC,
17                                                **FILED UNDER SEAL**
                          Defendants.
18
            Plaintiff, the Federal Trade Commission, has filed its Complaint for Permanent
19
    Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade
20
    Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing
21
    and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), and Section 522(a) of the
22
    Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a), and has moved, pursuant to Fed. R.
23
    Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order
24

1

1  to show cause why a preliminary injunction should not issue against Individual Defendant and

2  Corporate Defendant.

3                                     **FINDINGS OF FACT**

4          The Court, having considered the Complaint, the *ex parte* Motion for a Temporary

5  Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in

6  support thereof, and being otherwise advised, finds that:

7          A.      This Court has jurisdiction over the subject matter of this case, and there is good

8  cause to believe that it will have jurisdiction over all parties hereto and that venue in this district

9  is proper.

10         B.      In numerous instances, in connection with the marketing, telemarketing, and sale

11 of student loan Debt Relief Services, including in connection with obtaining or attempting to

12 obtain customer information of a financial institution, Defendants have:

13                 1.   Falsely represented that consumers who purchase Defendants' Debt Relief

14                      Services will get enrolled in a loan consolidation program that will

15                      consolidate their student loans and have their monthly student loan

16                      payments reduced;

17                 2.   Falsely represented that consumers who purchase Defendants' Debt Relief

18                      Services will receive loan forgiveness;

19                 3.   Falsely represented that consumers' monthly payments to Defendants will

20                      be applied towards consumers' student loans;

21                 4.   Falsely represented that Defendants are affiliated with the Department of

22                      Education or its approved loan servicers;

23

24

1           5.   Falsely represented that Defendants will assume responsibility for

2               servicing of consumers' student loans; and

3           6.   Taken advance fees for the Debt Relief Services;

4        C.     There is good cause to believe that Defendants Superior Servicing LLC and

5    Dennise Merdjanian have engaged in and are likely to engage in acts or practices that violate

6    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16

7    C.F.R. Part 310, Section 521 of the GLB Act, 15. U.S.C. § 6821, and the FTC's Trade

8    Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16

9    C.F.R. Part 461, and that Plaintiff is therefore likely to prevail on the merits of this action.  As

10    demonstrated by the consumer declarations, consumer complaints, and the additional

11    documentation filed by the FTC, the FTC has established a likelihood of success in showing that

12    Defendants have made false, fictitious, fraudulent, and deceptive representations regarding their

13    student loan Debt Relief Services and taken illegal advance fees for those services.

14        D.     There is good cause to believe that Defendants have taken in gross revenues of

15    over $10 million as a result of their unlawful practices.

16        E.     There is good cause to believe that immediate and irreparable harm will result

17    from Defendants' ongoing violations of the FTC Act, the TSR, the GLB Act, and the

18    Impersonation Rule unless Defendants are restrained and enjoined by order of this Court.

19        F.     There is good cause to believe that immediate and irreparable damage to the

20    Court's ability to grant effective final relief for consumers—including rescission or reformation

21    of contracts and the refund of money—will occur from the sale, transfer, destruction or other

22    disposition or concealment by Defendants of their assets or records, unless Defendants are

23    immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R.

24

1    Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to

2    Defendants. Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants

3    with prior notice of its Motion for a Temporary Restraining Order.

4           G.     Good cause exists for appointing a Receiver over the Receivership Entities,

5    freezing Defendants' assets, permitting the Plaintiff and the Receiver immediate access to the

6    Defendants' business premises, and permitting the Plaintiff and the Receiver to take expedited

7    discovery.

8           H.     Weighing the equities and considering Plaintiff's likelihood of ultimate success

9    on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary

10    receiver, immediate access to business premises, expedited discovery, and other equitable relief

11    is in the public interest.

12           I.     This Court has authority to issue this Order pursuant to Section 13(b) of the FTC

13    Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

14           J.     No security is required of any agency of the United States for issuance of a

15    temporary restraining order. FED. R. CIV. P. 65(c).

16    **DEFINITIONS**

17    For the purpose of this Order, the following definitions shall apply:

18           A.    "**Asset**" means any legal or equitable interest in, right to, or claim to, any

19    property, wherever located and by whomever held.

20           B.    "**Corporate Defendant**" means Superior Servicing LLC and each of its

21    subsidiaries, affiliates, successors, and assigns.

22           C.    "**Debt Relief Service**" means any program or service represented, directly or by

23    implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the

24

1    debt between a Person and one or more unsecured creditors or debt collectors, including, but not

2    limited to, a reduction in the balance, interest rate, or fees owed by a Person to an unsecured

3    creditor or debt collector.

4         D.    "**Defendants**" means Corporate Defendant and Individual Defendant,

5    individually, collectively, or in any combination.

6         E.    "**Document**" is synonymous in meaning and equal in scope to the usage of

7    "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a),

8    Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and

9    video recordings, images, Internet sites, web pages, websites, electronic correspondence,

10   including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs,

11   Server Access Logs, books, written or printed records, handwritten notes, telephone logs,

12   telephone scripts, receipt books, ledgers, personal and business canceled checks and check

13   registers, bank statements, appointment books, computer records, customer or sales databases

14   and any other electronically stored information, including Documents located on remote servers

15   or cloud computing systems, and other data or data compilations from which information can be

16   obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-

17   identical copy is a separate document within the meaning of the term.

18        F.    "**Electronic Data Host**" means any Person or entity in the business of storing,

19   hosting, or otherwise maintaining electronically stored information. This includes, but is not

20   limited to, any entity hosting a website or server, and any entity providing "cloud based"

21   electronic storage.

22        G.    "**Individual Defendant**" means Dennise Merdjanian, individually, collectively,

23   or in any combination.

24

1       H.    "**Person**" means a natural person, an organization or other legal entity, including

2   a corporation, partnership, sole proprietorship, limited liability company, association,

3   cooperative, or any other group or combination acting as an entity.

4       I.    "**Receiver**" means the temporary receiver appointed in Section XI of this Order

5   and any deputy receivers that shall be named by the temporary receiver.

6       J.    "**Receivership Entities**" means Corporate Defendant as well as any other entity

7   that has conducted any business related to Defendants' marketing of Debt Relief Services,

8   including receipt of Assets derived from any activity that is the subject of the Complaint in this

9   matter, and that the Receiver determines is controlled or owned by any Defendant.

10                       **ORDER**

11          **I.**    **PROHIBITED BUSINESS ACTIVITIES**

12       **IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents,

13   employees, and attorneys, and all other Persons in active concert or participation with them, who

14   receive actual notice of this Order by personal service or otherwise, whether acting directly or

15   indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any

16   goods or services, are temporarily restrained and enjoined from:

17       A.    Misrepresenting or assisting others in misrepresenting, expressly or by

18   implication, any material fact, including, but not limited to:

19            1.   That consumers who purchase any Debt Relief Service will have their monthly

20               loan payment amounts reduced;

21            2.   That consumers who purchase any Debt Relief Service will receive loan

22               forgiveness;

23            3.   That consumers' monthly payments to Defendants will be applied towards

24               consumer's student loans;

4.  That Defendants are affiliated with the U.S. Department of Education or its approved loan servicers;

5.  That Defendants will assume responsibility for servicing the repayment of consumers' loans; and

6.  Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.  Charging or receiving any money or other valuable consideration for the performance of any Debt Relief Service before such service is fully performed.

## II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.  Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law,

1    regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner

2    required by the Federal Rules of Civil Procedure and by any protective order in the case.

3                                        **III.    ASSET FREEZE**

4            **IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees,

5    and attorneys, and all other Persons in active concert or participation with any of them, who

6    receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

7    restrained and enjoined from:

8            A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

9    concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a

10   lien or security interest or other interest in, or otherwise disposing of any Assets that are:

11                  1.      owned or controlled, directly or indirectly, by any Defendant;

12                  2.      held, in part or in whole, for the benefit of any Defendant;

13                  3.      in the actual or constructive possession of any Defendant; or

14                  4.      owned or controlled by, in the actual or constructive possession of, or

15                          otherwise held for the benefit of, any corporation, partnership, asset

16                          protection trust, or other entity that is directly or indirectly owned,

17                          managed or controlled by any Defendant.

18           B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

19   or storage facilities titled in the name of any Defendant or subject to access by any Defendant,

20   except as necessary to comply with written requests from the Receiver acting pursuant to its

21   authority under this Order;

22           C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in

23   the name, individually or jointly, of Corporate Defendant or any corporation, partnership, or

24   other entity directly or indirectly owned, managed, or controlled by any Defendant or of which

1   any Defendant is an officer, director, member, or manager.  This includes any corporate

2   bankcard or corporate credit card account for which any Defendant is, or was on the date that this

3   Order was signed, an authorized signor; or

4           D.      Cashing any checks or depositing any money orders or cash received from

5   consumers, clients, or customers of any Defendant.

6   The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this

7   Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets

8   are derived from any activity that is the subject of the Complaint in this matter or that is

9   prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or

10  repatriation of foreign Assets specifically required by this order.

11          **IV.     DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

12          **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic

13  Data Host, credit card processor, payment processor, merchant bank, acquiring bank,

14  independent sales organization, third party processor, payment gateway, insurance company,

15  business entity, or Person who receives actual notice of this Order (by service or otherwise) that:

16          (a) has held, controlled, or maintained custody, through an account or otherwise, of any

17  Document on behalf of any Defendant or any Asset that has been:  owned or controlled, directly

18  or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the

19  actual or constructive possession of any Defendant; or owned or controlled by, in the actual or

20  constructive possession of, or otherwise held for the benefit of, any corporation, partnership,

21  asset protection trust, or other entity that is directly or indirectly owned, managed or controlled

22  by any Defendant;

23          (b) has held, controlled, or maintained custody, through an account or otherwise, of any

24  Document or Asset associated with credits, debits, or charges made on behalf of any Defendant,

1    including reserve funds held by payment processors, credit card processors, merchant banks,

2    acquiring banks, independent sales organizations, third party processors, payment gateways,

3    insurance companies, or other entities; or

4           (c) has extended credit to any Defendant, including through a credit card account, shall:

5           A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

6    alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

7    conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

8    other property related to such Assets, except by further order of this Court; provided, however,

9    that this provision does not prohibit Individual Defendant from incurring charges on a personal

10   credit card established prior to entry of this Order, up to the pre-existing credit limit;

11          B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial

12   mailbox, or storage facility that is titled in the name of any Defendant, either individually or

13   jointly, or otherwise subject to access by any Defendant;

14          C.    Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a

15   copy of this Order, a sworn statement setting forth, for each Asset or account covered by this

16   Section:

17                 1.    The identification number of each such account or Asset;

18                 2.    The balance of each such account, or a description of the nature and value

19                       of each such Asset as of the close of business on the day on which this

20                       Order is served, and, if the account or other Asset has been closed or

21                       removed, the date closed or removed, the total funds removed in order to

22                       close the account, and the name of the Person or entity to whom such

23                       account or other Asset was remitted; and

24

1                     3.       The identification of any safe deposit box, commercial mailbox, or storage

2                             facility that is either titled in the name, individually or jointly, of any

3                             Defendant, or is otherwise subject to access by any Defendant; and

4        D.       Upon the request of Plaintiff's counsel or the Receiver, promptly provide

5 Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to

6 each account or Asset covered by this Section, including originals or copies of account

7 applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and

8 from the accounts, including wire transfers and wire transfer instructions, all other debit and

9 credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records

10 pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

11 Provided, however, that this Section does not prohibit any transfers to the Receiver or

12 repatriation of foreign Assets specifically required by this order.

13                   **V.**       **FINANCIAL DISCLOSURES**

14          **IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of

15 this Order upon them, shall prepare and deliver to Plaintiff's counsel and the Receiver:

16        A.       completed financial statements on the forms attached to this Order as **Attachment**

17 **A** (Financial Statement of Individual Defendant) for Individual Defendant, and **Attachment B**

18 (Financial Statement of Corporate Defendant) for Corporate Defendant; and

19        B.       completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return)

20 for each Individual and Corporate Defendant.

21                 **VI.**      **FOREIGN ASSET REPATRIATION**

22          **IT IS FURTHER ORDERED** that within five (5) days following the service of this

23 Order, each Defendant shall:

24

1    A.    Provide Plaintiff's counsel and the Receiver with a full accounting, verified under

2    oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of

3    the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2)

4    held by any Person or entity for the benefit of any Defendant or for the benefit of, any

5    corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

6    managed or controlled by any Defendant; or (3) under the direct or indirect control, whether

7    jointly or singly, of any Defendant;

8    B.    Take all steps necessary to provide Plaintiff's counsel and Receiver access to all

9    Documents and records that may be held by third parties located outside of the territorial United

10   States of America, including signing the Consent to Release of Financial Records appended to

11   this Order as **Attachment D**.

12   C.    Transfer to the territory of the United States all Documents and Assets located in

13   foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2)

14   held by any Person or entity for the benefit of any Defendant or for the benefit of, any

15   corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

16   managed or controlled by any Defendant; or (3) under the direct or indirect control, whether

17   jointly or singly, of any Defendant; and

18   D.    The same business day as any repatriation, (1) notify the Receiver and counsel for

19   Plaintiff of the name and location of the financial institution or other entity that is the recipient of

20   such Documents or Assets; and (2) serve this Order on any such financial institution or other

21   entity.

22            **VII.    NON-INTERFERENCE WITH REPATRIATION**

23            **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

24   and attorneys, and all other Persons in active concert or participation with any of them, who

1    receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

2    restrained and enjoined from taking any action, directly or indirectly, which may result in the

3    encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by

4    this Order, including, but not limited to:

5         A.        Sending any communication or engaging in any other act, directly or indirectly,

6    that results in a determination by a foreign trustee or other entity that a "duress" event has

7    occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets

8    have been fully repatriated pursuant to this Order; or

9         B.        Notifying any trustee, protector or other agent of any foreign trust or other related

10   entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

11   a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to

12   this Order.

**VIII.   CONSUMER CREDIT REPORTS**

13

14        **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any

15   Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1),

16   and that, upon written request, any credit reporting agency from which such reports are requested

17   shall provide them to Plaintiff.

**IX.      PRESERVATION OF RECORDS**

18

19        **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

20   and attorneys, and all other Persons in active concert or participation with any of them, who

21   receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

22   restrained and enjoined from:

23        A.        Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

24   transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that

13

1    relate to:  (1) the business, business practices, Assets, or business or personal finances of any

2    Defendant; (2) the business practices or finances of entities directly or indirectly under the

3    control of any Defendant; or (3) the business practices or finances of entities directly or

4    indirectly under common control with any other Defendant; and

5           B.      Failing to create and maintain Documents that, in reasonable detail, accurately,

6    fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of

7    Defendants' Assets.

8                        **X.      REPORT OF NEW BUSINESS ACTIVITY**

9           **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

10   and attorneys, and all other Persons in active concert or participation with any of them, who

11   receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

12   restrained and enjoined from creating, operating, or exercising any control over any business

13   entity, whether newly formed or previously inactive, including any partnership, limited

14   partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's

15   counsel and the Receiver with a written statement disclosing:  (1) the name of the business

16   entity; (2) the address and telephone number of the business entity; (3) the names of the business

17   entity's officers, directors, principals, managers, and employees; and (4) a detailed description of

18   the business entity's intended activities.

19                              **XI.      TEMPORARY RECEIVER**

20          **IT IS FURTHER ORDERED** that Krista Freitag is appointed as temporary receiver of

21   the Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the

22   agent of this Court in acting as Receiver under this Order.

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## XII.   DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.     Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.     Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.     Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other Persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

15

1        E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the

2    Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.

3    The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are

4    accessible via electronic means, such as online access to financial accounts and access to

5    electronic Documents held onsite or by Electronic Data Hosts, by changing usernames,

6    passwords or other log-in credentials; take possession of all electronic Documents of the

7    Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all

8    such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of

9    obtaining electronic Documents stored onsite or remotely.

10       F.      Choose, engage, and employ attorneys, accountants, appraisers, and other

11    independent contractors and technical specialists, as the Receiver deems advisable or necessary

12    in the performance of duties and responsibilities under the authority granted by this Order;

13       G.     Make payments and disbursements from the receivership estate that are necessary

14    or advisable for carrying out the directions of, or exercising the authority granted by, this Order,

15    and to incur, or authorize the making of, such agreements as may be necessary and advisable in

16    discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior

17    approval of any payment of any debt or obligation incurred by the Receivership Entities prior to

18    the date of entry of this Order, except payments that the Receiver deems necessary or advisable

19    to secure Assets of the Receivership Entities, such as rental payments;

20       H.     Take all steps necessary to secure and take exclusive custody of each location

21    from which the Receivership Entities operate their businesses.  Such steps may include, but are

22    not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing

23    the location by changing the locks and alarm codes and disconnecting any internet access or

24

1    other means of access to the computers, servers, internal networks, or other records maintained at

2    that location; and (2) requiring any Persons present at the location to leave the premises, to

3    provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the

4    Receiver that such Persons are not removing from the premises Documents or Assets of the

5    Receivership Entities.  Law enforcement personnel, including, but not limited to, police or

6    sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and

7    maintain security.  If requested by the Receiver, the United States Marshal will provide

8    appropriate and necessary assistance to the Receiver to implement this Order and is authorized to

9    use any necessary and reasonable force to do so;

10           I.       Take all steps necessary to prevent the modification, destruction, or erasure of any

11    web page or website registered to and operated, in whole or in part, by any Defendants, and to

12    provide access to all such web page or websites to Plaintiff's representatives, agents, and

13    assistants, as well as Defendants and their representatives;

14           J.       Enter into and cancel contracts and purchase insurance as advisable or necessary;

15           K.       Prevent the inequitable distribution of Assets and determine, adjust, and protect

16    the interests of consumers who have transacted business with the Receivership Entities;

17           L.       Make an accounting, as soon as practicable, of the Assets and financial condition

18    of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

19           M.       Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or

20    otherwise become party to any legal action in state, federal or foreign courts or arbitration

21    proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of

22    the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but

23    not limited to, actions challenging fraudulent or voidable transfers;

24

1         N.     Issue subpoenas to obtain Documents and records pertaining to the Receivership,

2    and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining

3    other discovery as set forth in this Order;

4         O.     Open one or more bank accounts at designated depositories for funds of the

5    Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such

6    designated accounts and shall make all payments and disbursements from the receivership estate

7    from such accounts.  The Receiver shall serve copies of monthly account statements on all

8    parties;

9         P.     Maintain accurate records of all receipts and expenditures incurred as Receiver;

10         Q.     Allow the Plaintiffs' representatives, agents, and assistants, as well as

11    Defendants' representatives and Defendants themselves, reasonable access to the premises of the

12    Receivership Entities, or any other premises where the Receivership Entities conduct business.

13    The purpose of this access shall be to inspect and copy any and all books, records, Documents,

14    accounts, and other property owned by, or in the possession of, the Receivership Entities or their

15    agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable

16    conditions of such access;

17         R.     Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants

18    and their representatives reasonable access to all Documents in the possession, custody, or

19    control of the Receivership Entities;

20         S.     Cooperate with reasonable requests for information or assistance from any state or

21    federal civil or criminal law enforcement agency;

22         T.     Suspend business operations of the Receivership Entities if in the judgment of the

23    Receiver such operations cannot be continued legally and profitably;

24

1      U.     If the Receiver identifies a nonparty entity as a Receivership Entity, promptly

2    notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's

3    determination by filing a motion with the Court.  Provided, however, that the Receiver may delay

4    providing such notice until the Receiver has established control of the nonparty entity and its

5    assets and records, if the Receiver determines that notice to the entity or the parties before the

6    Receiver establishes control over the entity may result in the destruction of records, dissipation

7    of assets, or any other obstruction of the Receiver's control of the entity; and

8      V.     If in the Receiver's judgment the business operations cannot be continued legally

9    and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages

10    or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or

11    are modified for consumer education and/or informational purposes, and take all steps necessary

12    to ensure that any telephone numbers associated with the Receivership Entities cannot be

13    accessed by the public, or are answered solely to provide consumer education or information

14    regarding the status of operations.

15            **XIII.**   **TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

16      **IT IS FURTHER ORDERED** that Defendants and any other Person, with possession,

17    custody or control of property of, or records relating to, the Receivership Entities shall, upon

18    notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver

19    in taking and maintaining possession, custody, or control of the Assets and Documents of the

20    Receivership Entities and immediately transfer or deliver to the Receiver possession, custody,

21    and control of, the following:

22      A.     All Assets held by or for the benefit of the Receivership Entities;

23      B.     All Documents or Assets associated with credits, debits, or charges made on

24    behalf of any Receivership Entity, wherever situated, including reserve funds held by payment

1    processors, credit card processors, merchant banks, acquiring banks, independent sales

2    organizations, third party processors, payment gateways, insurance companies, or other entities;

3           C.      All Documents of or pertaining to the Receivership Entities;

4           D.      All computers, electronic devices, mobile devices and machines used to conduct

5    the business of the Receivership Entities;

6           E.      All Assets and Documents belonging to other Persons or entities whose interests

7    are under the direction, possession, custody, or control of the Receivership Entities; and

8           F.      All keys, codes, user names and passwords necessary to gain or to secure access

9    to any Assets or Documents of or pertaining to the Receivership Entities, including access to

10   their business premises, means of communication, accounts, computer systems (onsite and

11   remote), Electronic Data Hosts, or other property.

12   In the event that any Person or entity fails to deliver or transfer any Asset or Document, or

13   otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit

14   of Non-Compliance regarding the failure and a motion seeking compliance or a contempt

15   citation.

16                   **XIV.   PROVISION OF INFORMATION TO RECEIVER**

17          **IT IS FURTHER ORDERED** that Defendants shall immediately provide to the

18   Receiver:

19          A.      A list of all Assets and accounts of the Receivership Entities that are held in any

20   name other than the name of a Receivership Entity, or by any Person or entity other than a

21   Receivership Entity;

22          B.      A list of all agents, employees, officers, attorneys, servants and those Persons in

23   active concert and participation with the Receivership Entities, or who have been associated or

24   done business with the Receivership Entities; and

1    C.    A description of any Documents covered by attorney-client privilege or attorney

2    work product, including files where such Documents are likely to be located, authors or

3    recipients of such Documents, and search terms likely to identify such electronic Documents.

### XV.    COOPERATION WITH THE RECEIVER

5    **IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or

6    Receivership Entities' officers, agents, employees, and attorneys, all other Persons in active

7    concert or participation with any of them, and any other Person with possession, custody, or

8    control of property of or records relating to the Receivership Entities who receive actual notice

9    of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance

10    shall include, but is not limited to, providing information to the Receiver that the Receiver deems

11    necessary to exercise the authority and discharge the responsibilities of the Receiver under this

12    Order; providing any keys, codes, user names and passwords required to access any computers,

13    electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account

14    (including specific method to access account) or electronic file in any medium; advising all

15    Persons who owe money to any Receivership Entity that all debts should be paid directly to the

16    Receiver; and transferring funds at the Receiver's direction and producing records related to the

17    Assets and sales of the Receivership Entities.

### XVI.    NON-INTERFERENCE WITH THE RECEIVER

19    **IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or

20    Receivership Entities' officers, agents, employees, attorneys, and all other Persons in active

21    concert or participation with any of them, who receive actual notice of this Order, and any other

22    Person served with a copy of this Order, are hereby restrained and enjoined from directly or

23    indirectly:

24

1         A.      Interfering with the Receiver's efforts to manage, or take custody, control, or

2 possession of, the Assets or Documents subject to the receivership;

3         B.      Transacting any of the business of the Receivership Entities;

4         C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning,

5 liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or

6 custody of, or in which an interest is held or claimed by, the Receivership Entities; or

7         D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents

8 in the exercise of their duties or authority under any order of this Court.

9                               **XVII.  STAY OF ACTIONS**

10         **IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency

11 of the receivership ordered herein, Defendants, Defendants' officers, agents, employees,

12 attorneys, and all other Persons in active concert or participation with any of them, who receive

13 actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all

14 investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or

15 enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for

16 or on behalf of such Persons, are hereby enjoined from taking action that would interfere with

17 the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership

18 Entities, including, but not limited to:

19         A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code,

20 11 U.S.C. § 101, *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership

21 Entities;

22         B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action

23 or proceeding against the Receivership Entities, including the issuance or employment of process

24

1   against the Receivership Entities, except that such actions may be commenced if necessary to toll

2   any applicable statute of limitations;

3           C.        Filing or enforcing any lien on any asset of the Receivership Entities, taking or

4   attempting to take possession, custody, or control of any Asset of the Receivership Entities; or

5   attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership

6   Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

7   Provided, however, that this Order does not stay:  (1) the commencement or continuation of a

8   criminal action or proceeding; (2) the commencement or continuation of an action or proceeding

9   by a governmental unit to enforce such governmental unit's police or regulatory power; or (3)

10  the enforcement of a judgment, other than a money judgment, obtained in an action or

11  proceeding by a governmental unit to enforce such governmental unit's police or regulatory

12  power.

13  **XVIII. COMPENSATION OF RECEIVER**

14  **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

15  as herein authorized, including counsel to the Receiver and accountants, are entitled to

16  reasonable compensation for the performance of duties pursuant to this Order and for the cost of

17  actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession

18  or control of, or which may be received by, the Receivership Entities.  The Receiver shall file

19  with the Court and serve on the parties periodic requests for the payment of such reasonable

20  compensation, with the first such request filed no more than sixty (60) days after the date of

21  entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such

22  fee applications without prior approval of the Court.

23

24

1

### XIX.   RECEIVER'S BOND

2 **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

3 bond in the sum of $20,000 with sureties to be approved by the Court, conditioned that the

4 Receiver will well and truly perform the duties of the office and abide by and perform all acts the

5 Court directs.  28 U.S.C. § 754.

6

### XX.   RECEIVER'S REPORTS

7 A.    **IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or

8 before any date set for a hearing on whether a Preliminary Injunction should issue, regarding (1)

9 the steps taken by the Receiver to implement the terms of this Order; (2) the value of all

10 liquidated and unliquidated assets of the Receivership Entities; (3) the sum of all liabilities of the

11 Receivership Entities; (4) the steps the Receiver intends to take in the future to (a) prevent any

12 diminution in the value of assets of the Receivership Entities, (b) pursue receivership assets from

13 third parties, and (c) adjust the liabilities of the Receivership Entities, if appropriate; (5) whether

14 the business of the Receivership Entities can be operated lawfully and profitably; and (6) any

15 other matters that the Receiver believes should be brought to the Court's attention.  *Provided,*

16 *however,* that if disclosure any of the required information would hinder the Receiver's ability to

17 pursue receivership assets, the portions of the Receiver's report containing such information may

18 be filed under seal and not served on the parties.

19

### XXI.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

20 IT IS FURTHER ORDERED that:

21 A.    In order to allow Plaintiff and the Receiver to preserve Assets and evidence

22 relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their

23 representatives, agents, contractors, and assistants, shall have immediate access to the business

24 premises and storage facilities, owned, controlled, or used by the Receivership Entities.  Such

1   locations include, but are not limited to, any offsite location or commercial mailbox used by the

2   Receivership Entities.  The Receiver may exclude Defendants, Receivership Entities, and their

3   employees from the business premises during the immediate access.

4       B.      Any landlord, management office, security office, or any other Person that

5   controls access to any such business premises shall, immediately upon receiving notice of this

6   Order, cooperate with the Receiver and take whatever steps necessary to allow the Receiver

7   access to such business premises, and such Persons are prohibited from notifying Defendants of

8   the existence of this Order or the Receiver's entry into the business premises until the Receiver

9   has notified such Persons in writing that the Receiver has secured such business premises.

10      C.      Plaintiff and the Receiver, and their representatives, agents, contractors, and

11  assistants, are authorized to remove Documents from the Receivership Entities' premises in

12  order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed

13  materials to the Receiver within five (5) business days of completing inventorying and copying,

14  or such time as is agreed upon by Plaintiff and the Receiver;

15      D.      Plaintiff's access to the Receivership Entities' Documents pursuant to this Section

16  shall not provide grounds for any Defendant to object to any subsequent request for Documents

17  served by Plaintiff.

18      E.      Plaintiff and the Receiver, and their representatives, agents, contractors, and

19  assistants, are authorized to obtain the assistance of federal, state and local law enforcement

20  officers as they deem necessary to effect service and to implement peacefully the provisions of

21  this Order;

22      F.      If any Documents, computers, or electronic storage devices containing

23  information related to the business practices or finances of the Receivership Entities are at a

24

1    location other than those listed herein, including personal residence(s) of any Defendant, then,

2    immediately upon receiving notice of this order, Defendants and Receivership Entities shall

3    produce to the Receiver all such Documents, computers, and electronic storage devices, along

4    with any codes or passwords needed for access.  In order to prevent the destruction of computer

5    data, upon service of this Order, any such computers or electronic storage devices shall be

6    powered down in the normal course of the operating system used on such devices and shall not

7    be powered up or used until produced for copying and inspection; and

8         G.    If any communications or records of any Receivership Entity are stored with an

9    Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide

10   the Receiver with the username, passwords, and any other login credential needed to access the

11   communications and records, and shall not attempt to access, or cause a third-party to attempt to

12   access, the communications or records.

13                    **XXII.  DISTRIBUTION OF ORDER BY DEFENDANTS**

14        **IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this

15   Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer,

16   director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division,

17   and representative of any Defendant, and shall, within ten (10) days from the date of entry of this

18   Order, and provide Plaintiff and the Receiver with a sworn statement that this provision of the

19   Order has been satisfied, which statement shall include the names, physical addresses, phone

20   number, and email addresses of each such Person or entity who received a copy of the Order.

21   Furthermore, Defendants shall not take any action that would encourage officers, agents,

22   members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries,

23   affiliates, successors, assigns or other Persons or entities in active concert or participation with

24   them to disregard this Order or believe that they are not bound by its provisions.

1        **XXIII. EXPEDITED DISCOVERY**

2        **IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P.

3    26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff

4    and the Receiver are granted leave, at any time after service of this Order, to conduct limited

5    expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of

6    Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and

7    operations; (3) Documents reflecting Defendants' business transactions and operations; or (4)

8    compliance with this Order.  The limited expedited discovery set forth in this Section shall

9    proceed as follows:

10        A.        Plaintiff and the Receiver may take the deposition of parties and non-parties.

11    Forty-eight (48) hours' notice shall be sufficient notice for such depositions.  The limitations and

12    conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure

13    regarding subsequent depositions of an individual shall not apply to depositions taken pursuant

14    to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards

15    the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken

16    by telephone or other remote electronic means;

17        B.        Plaintiff and the Receiver may serve upon parties requests for production of

18    Documents or inspection that require production or inspection within five (5) days of service,

19    provided, however, that three (3) days of notice shall be deemed sufficient for the production of

20    any such Documents that are maintained or stored only in an electronic format.

21        C.        Plaintiff and the Receiver may serve upon parties interrogatories that require

22    response within five (5) days after Plaintiff serves such interrogatories;

23        D.        The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct

24    production or inspection within five (5) days of service.

1         E.     Service of discovery upon a party to this action, taken pursuant to this Section,

2    shall be sufficient if made by facsimile, email, or by overnight delivery.

3         F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not

4    subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local

5    Rules of this Court.  The expedited discovery permitted by this Section does not require a

6    meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil

7    Procedure.

8         G.     The Parties are exempted from making initial disclosures under Fed. R. Civ. P.

9    26(a)(1) until further order of this Court.

10   **XXIV. SERVICE OF THIS ORDER**

11   **IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for

12   Temporary Restraining Order and all other pleadings, Documents, and exhibits filed

13   contemporaneously with that Motion (other than the complaint and summons), may be served by

14   any means, including facsimile transmission, electronic mail or other electronic messaging,

15   personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any

16   law enforcement agency, or by private process server, upon any Defendant or any Person

17   (including any financial institution) that may have possession, custody or control of any Asset or

18   Document of any Defendant, or that may be subject to any provision of this Order pursuant to

19   Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon

20   any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

21   **XXV.  CORRESPONDENCE AND SERVICE ON PLAINTIFF**

22   **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

23   and service of pleadings on Plaintiff shall be addressed to:

24

1    John O'Gorman, 1999 Bryan Street, Suite 2150, Dallas, TX 75201, Phone Number: (202) 758-

2    7704, Fax Number: (214) 953-3079, Email Address: jogorman@ftc.gov

3                    **XXVI. PRELIMINARY INJUNCTION HEARING**

4            **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall

5    appear before this Court on the ___5th___ day of ___December___, 20_24_ at __9:00 AM___, to

6    show cause, if there is any, why this Court should not enter a preliminary injunction, pending

7    final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in

8    the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing

9    such additional relief as may be appropriate.

10            **XXVII.        BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY**
                              **INJUNCTION**

11           IT IS FURTHER ORDERED that:

12           A.      Plaintiff's motion for temporary restraining order is also deemed to be a motion

13   for a preliminary injunction, and the FTC is not required to file or serve a separate motion for a

14   preliminary injunction in order to seek the entry of a preliminary injunction under Federal Rule

15   of Civil Procedure 65.  The Court will consider all materials filed by the FTC in connection with

16   its motion for temporary restraining order to have been filed in connection with the FTC's

17   motion for a preliminary injunction.

18           B.      Defendants shall file with the Court and serve on Plaintiff's counsel any

19   answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no

20   later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order.

21   Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with

22   the Court and serve the same on counsel for Defendants no later than one (1) day prior to the

23   order to show Cause hearing.  Provided that such affidavits, pleadings, motions, expert reports,

24

1    declarations, legal memoranda or oppositions must be served by personal or overnight delivery,

2    facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (PST) on

3    the appropriate dates set forth in this Section.

4          C.      An evidentiary hearing on Plaintiff's request for a preliminary injunction is not

5    necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that

6    raises a genuine and material factual issue.  The question of whether this Court should enter a

7    preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda

8    filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of

9    this Court.  Any motion to permit such testimony shall be filed with the Court and served on

10   counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in

11   this matter.  Such motion shall set forth the name, address, and telephone number of each

12   proposed witness, a detailed summary or affidavit revealing the substance of each proposed

13   witness's expected testimony, and an explanation of why the taking of live testimony would be

14   helpful to this Court.  Any papers opposing a timely motion to present live testimony or to

15   present live testimony in response to another party's timely motion to present live testimony

16   shall be filed with this Court and served on the other parties at least three (3) days prior to the

17   order to show cause hearing.

18          Provided, however, that service shall be performed by personal or overnight delivery,

19   facsimile or email, and Documents shall be delivered so that they shall be received by the other

20   parties no later than 5:00 p.m. (PST) on the appropriate dates provided in this Section.

21                      **XXVIII.    DURATION OF THE ORDER**

22          **IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the

23   date of entry noted below, unless within such time, the Order is extended for an additional period

24   pursuant to Fed. R. Civ. P. 65(b)(2).

1

## XXIX. RETENTION OF JURISDICTION

2          **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

3    all purposes.

4    IT IS SO ORDERED

5          As this is a Sealed case, the Clerk of
     Court is kindly requested to provide a
6    copy of this Order to the Plaintiff only.

_____
UNITED STATES DISTRICT JUDGE

DATED:  November 22, 2024_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24