JOHN R. O'GORMAN
    Texas Bar No. 24121292; jogorman@ftc.gov
LUIS GALLEGOS
    Oklahoma Bar No. 19098; lgallegos@ftc.gov
REID TEPFER
    Texas Bar No. 24079444; rtepfer@ftc.gov

Federal Trade Commission
1999 Bryan St., Suite 2150
Dallas, TX 75201
Phone: (202) 758-7704 (O'Gorman)
Fax: (214) 953-3079

*Attorneys for Federal Trade Commission*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:24-cv-02163-GMN-MDC |
| Plaintiff, | |
| v. | |
| SUPERIOR SERVICING LLC, a limited liability company; and | **ORDER GRANTING PRELIMINARY INJUNCTION AS TO DEFENDANT SUPERIOR SERVICING LLC** |
| DENNISE MERDJANIAN, aka Dennise Correa, individually and as managing member of SUPERIOR SERVICING LLC, | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC"), commenced this civil action on November 18, 2024, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a) (Dkt. 1). On November 22, 2024, on motion by the FTC, the Court entered an *ex parte* temporary restraining order, asset freeze, and other equitable

1  relief against Defendants Superior Servicing LLC and Dennise Merdjanian ("TRO") (Dkt. 9). On

2  December 5, 2024, the Court held a hearing to determine, among other things, whether an order

3  to show cause why a preliminary injunction should issue against Defendant Superior Servicing

4  LLC.

5                                    **FINDINGS OF FACT**

6           The Court, having considered the Complaint, the FTC's *ex parte* Motion for a Temporary

7  Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in

8  support thereof, and being otherwise advised, finds that:

9           A.      This Court has jurisdiction over the subject matter of this case, and there is good

10  cause to believe that it will have jurisdiction over all parties hereto and that venue in this district

11  is proper.

12          B.      There is good cause to believe that, in numerous instances, in connection with the

13  marketing, telemarketing, and sale of student loan Debt Relief Services, including in connection

14  with obtaining or attempting to obtain customer information of a financial institution, Defendant

15  Superior Servicing LLC, has:

16                  1.      Falsely represented that consumers who purchase Defendant's Debt Relief

17                          Services will get enrolled in a loan consolidation program that will

18                          consolidate their student loans and have their monthly student loan

19                          payments reduced;

20                  2.      Falsely represented that consumers who purchase Defendant's Debt Relief

21                          Services will receive loan forgiveness;

22                  3.      Falsely represented that consumers' monthly payments to Defendant will

23                          be applied towards consumers' student loans;

24

4. Falsely represented that Defendant is affiliated with the Department of Education or its approved loan servicers;

5. Falsely represented that Defendant will assume responsibility for servicing of consumers' student loans; and

6. Taken advance fees for the Debt Relief Services;

C. There is good cause to believe that Defendant Superior Servicing LLC has engaged in and is likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, Section 521 of the GLB Act, 15. U.S.C. § 6821, and the FTC's Trade Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461, and that Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by the consumer declarations, consumer complaints, and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing that Corporate Defendant has made false, fictitious, fraudulent, and deceptive representations regarding their student loan Debt Relief Services and taken illegal advance fees for those services.

D. There is good cause to believe that Defendant has taken in gross revenues of over $10 million as a result of their unlawful practices.

E. There is good cause to believe that immediate and irreparable harm will result from Corporate Defendant's ongoing violations of the FTC Act, the TSR, the GLB Act, and the Impersonation Rule unless Corporate Defendant is restrained and enjoined by order of this Court.

F. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including rescission or reformation of contracts and the refund of money—will occur from the sale, transfer, destruction or other

1    disposition or concealment by Corporate Defendant of its assets or records, unless Corporate

2    Defendant is immediately restrained and enjoined by order of this Court.

3         G.    Good cause exists for continuing the receivership over the Receivership Entities

4    and the freeze over Corporate Defendant's assets, permitting the Plaintiff and the Receiver

5    immediate access to the Corporate Defendant's business premises, and permitting the Plaintiff

6    and the Receiver to take expedited discovery.

7         H.    Weighing the equities and considering Plaintiff's likelihood of ultimate success

8    on the merits, a preliminary injunction with an asset freeze, the appointment of a temporary

9    receiver, immediate access to business premises, expedited discovery, and other equitable relief

10   is in the public interest.

11        I.    This Court has authority to issue this Order pursuant to Section 13(b) of the FTC

12   Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

13                                  **DEFINITIONS**

14        For the purpose of this Order, the following definitions shall apply:

15        A.    "**Asset**" means any legal or equitable interest in, right to, or claim to, any

16   property, wherever located and by whomever held.

17        B.    "**Corporate Defendant**" means Superior Servicing LLC and each of its

18   subsidiaries, affiliates, successors, and assigns.

19        C.    "**Debt Relief Service**" means any program or service represented, directly or by

20   implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the

21   debt between a Person and one or more unsecured creditors or debt collectors, including, but not

22   limited to, a reduction in the balance, interest rate, or fees owed by a Person to an unsecured

23   creditor or debt collector.

24

1      D.      "**Defendants**" means Corporate Defendant and Individual Defendant,

2      individually, collectively, or in any combination.

3      E.      "**Document**" is synonymous in meaning and equal in scope to the usage of

4      "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a),

5      Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and

6      video recordings, images, Internet sites, web pages, websites, electronic correspondence,

7      including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs,

8      Server Access Logs, books, written or printed records, handwritten notes, telephone logs,

9      telephone scripts, receipt books, ledgers, personal and business canceled checks and check

10     registers, bank statements, appointment books, computer records, customer or sales databases

11     and any other electronically stored information, including Documents located on remote servers

12     or cloud computing systems, and other data or data compilations from which information can be

13     obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-

14     identical copy is a separate document within the meaning of the term.

15     F.      "**Electronic Data Host**" means any Person or entity in the business of storing,

16     hosting, or otherwise maintaining electronically stored information. This includes, but is not

17     limited to, any entity hosting a website or server, and any entity providing "cloud based"

18     electronic storage.

19     G.      "**Individual Defendant**" means Dennise Merdjanian, individually, collectively,

20     or in any combination.

21     H.      "**Person**" means a natural person, an organization or other legal entity, including

22     a corporation, partnership, sole proprietorship, limited liability company, association,

23     cooperative, or any other group or combination acting as an entity.

24

1    I.    "**Receiver**" means the receiver appointed in Section XI of this Order and any

2    deputy receivers that shall be named by the receiver.

3    J.    "**Receivership Entities**" means Corporate Defendant as well as any other entity

4    that has conducted any business related to Defendants' marketing of Debt Relief Services,

5    including receipt of Assets derived from any activity that is the subject of the Complaint in this

6    matter, and that the Receiver determines is controlled or owned by any Defendant.

7                                                    **ORDER**

8                            **I.    PROHIBITED BUSINESS ACTIVITIES**

9    **IT IS THEREFORE ORDERED** that Corporate Defendant, Corporate Defendant's

10   officers, agents, employees, and attorneys, and all other Persons in active concert or participation

11   with them, who receive actual notice of this Order by personal service or otherwise, whether

12   acting directly or indirectly, in connection with the advertising, marketing, promoting, or

13   offering for sale of any goods or services, are temporarily restrained and enjoined from:

14   A.    Misrepresenting or assisting others in misrepresenting, expressly or by

15   implication, any material fact, including, but not limited to:

16        1.   That consumers who purchase any Debt Relief Service will have their monthly

17             loan payment amounts reduced;

18        2.   That consumers who purchase any Debt Relief Service will receive loan

19             forgiveness;

20        3.   That consumers' monthly payments to Defendants will be applied towards

21             consumer's student loans;

22        4.   That Defendants are affiliated with the U.S. Department of Education or its

23             approved loan servicers;

24

1         5.   That Defendants will assume responsibility for servicing the repayment of

2             consumers' loans; and

3         6.   Any other fact material to consumers concerning any good or service, such as:

4             the total costs; any material restrictions, limitations, or conditions; or any

5             material aspect of its performance, efficacy, nature, or central characteristics.

6        B.    Charging or receiving any money or other valuable consideration for the

7    performance of any Debt Relief Service before such service is fully performed.

8        **II.**    **PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

9        **IT IS FURTHER ORDERED** that Corporate Defendant, Corporate Defendant's

10   officers, agents, employees, and attorneys, and all other Persons in active concert or participation

11   with any of them, who receive actual notice of this Order, whether acting directly or indirectly,

12   are hereby temporarily restrained and enjoined from:

13       A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address,

14   birth date, telephone number, email address, credit card number, bank account number, Social

15   Security number, or other financial or identifying information of any Person that any Defendant

16   obtained in connection with any activity that pertains to the subject matter of this Order; and

17       B.    Benefitting from or using the name, address, birth date, telephone number, email

18   address, credit card number, bank account number, Social Security number, or other financial or

19   identifying information of any Person that any Defendant obtained in connection with any

20   activity that pertains to the subject matter of this Order.

21       Provided, however, that Corporate Defendant may disclose such identifying information

22   to a law enforcement agency, to their attorneys as required for their defense, as required by any

23   law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the

24   manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.     ASSET FREEZE

**IT IS FURTHER ORDERED** that Corporate Defendant and its officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

      A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

           1.      owned or controlled, directly or indirectly, by any Defendant;

           2.      held, in part or in whole, for the benefit of any Defendant;

           3.      in the actual or constructive possession of any Defendant; or

           4.      owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

      B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

      C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

      D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

1   The Assets affected by this Section shall include: (1) all Assets of Corporate Defendant as of the

2   time the TRO was entered; and (2) Assets obtained by Corporate Defendant after this Order is

3   entered if those Assets are derived from any activity that is the subject of the Complaint in this

4   matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the

5   Receiver or repatriation of foreign Assets specifically required by this order.

6   **IV.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

7   **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic

8   Data Host, credit card processor, payment processor, merchant bank, acquiring bank,

9   independent sales organization, third party processor, payment gateway, insurance company,

10  business entity, or Person who receives actual notice of this Order (by service or otherwise) that:

11  (a) has held, controlled, or maintained custody, through an account or otherwise, of any

12  Document on behalf of Corporate Defendant or any Asset that has been: owned or controlled,

13  directly or indirectly, by Corporate Defendant; held, in part or in whole, for the benefit of

14  Corporate Defendant; in the actual or constructive possession of Corporate Defendant; or owned

15  or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of,

16  any corporation, partnership, asset protection trust, or other entity that is directly or indirectly

17  owned, managed or controlled by Corporate Defendant;

18  (b) has held, controlled, or maintained custody, through an account or otherwise, of any

19  Document or Asset associated with credits, debits, or charges made on behalf of Corporate

20  Defendant, including reserve funds held by payment processors, credit card processors, merchant

21  banks, acquiring banks, independent sales organizations, third party processors, payment

22  gateways, insurance companies, or other entities; or

23  (c) has extended credit to Corporate Defendant, including through a credit card account,

24  shall:

1        A.       Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

2 alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

3 conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

4 other property related to such Assets, except by further order of this Court; provided, however,

5 that this provision does not prohibit Individual Defendant from incurring charges on a personal

6 credit card established prior to entry of this Order, up to the pre-existing credit limit;

7        B.       Deny any Person, except the Receiver, access to any safe deposit box, commercial

8 mailbox, or storage facility that is titled in the name of Corporate Defendant, either individually

9 or jointly, or otherwise subject to access by any Defendant;

10        C.       Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a

11 copy of this Order, a sworn statement setting forth, for each Asset or account covered by this

12 Section:

13        1.       The identification number of each such account or Asset;

14        2.       The balance of each such account, or a description of the nature and value

15 of each such Asset as of the close of business on the day on which this

16 Order is served, and, if the account or other Asset has been closed or

17 removed, the date closed or removed, the total funds removed in order to

18 close the account, and the name of the Person or entity to whom such

19 account or other Asset was remitted; and

20        3.       The identification of any safe deposit box, commercial mailbox, or storage

21 facility that is either titled in the name, individually or jointly, of any

22 Defendant, or is otherwise subject to access by any Defendant; and

23

24

1      D.      Upon the request of Plaintiff's counsel or the Receiver, promptly provide

2      Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to

3      each account or Asset covered by this Section, including originals or copies of account

4      applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and

5      from the accounts, including wire transfers and wire transfer instructions, all other debit and

6      credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records

7      pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

8      Provided, however, that this Section does not prohibit any transfers to the Receiver or

9      repatriation of foreign Assets specifically required by this order.

10      E.      Provided, however, that a financial institution does not have to provide the

11      information required in sub-sections C and D if (1) the financial institution has complied with the

12      similar provision set forth in the TRO; and (2) the information provided has not changed.

13      F.      *Provided, however*, that this Section does not prohibit any transfers to the

14      Receiver or repatriation of foreign Assets specifically required by this Order.

15                          **V.      FINANCIAL DISCLOSURES**

16      **IT IS FURTHER ORDERED** that Corporate Defendant, within five (5) days of service

17      of this Order upon it, shall prepare and deliver to Plaintiff's counsel and the Receiver:

18      A.      completed financial statements on the forms attached to this Order as **Attachment**

19      **A** (Financial Statement of Corporate Defendant); and

20      B.      completed **Attachment B** (IRS Form 4506, Request for Copy of a Tax Return)

21      for Corporate Defendant.

22

23

24

1    C.    *Provided*, that Corporate Defendant does not have to provide such financial report

2    if (1) it has complied with the similar provision set forth in Section V of the TRO; and (2) the

3    information provided has not changed.

4    VI.    **FOREIGN ASSET REPATRIATION**

5    **IT IS FURTHER ORDERED** that within five (5) days following the service of this

6    Order, Corporate Defendant shall:

7    A.    Provide Plaintiff's counsel and the Receiver with a full accounting, verified under

8    oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of

9    the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2)

10    held by any Person or entity for the benefit of Corporate Defendant or for the benefit of, any

11    corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

12    managed or controlled by Corporate Defendant; or (3) under the direct or indirect control,

13    whether jointly or singly, of Corporate Defendant;

14    B.    Take all steps necessary to provide Plaintiff's counsel and Receiver access to all

15    Documents and records that may be held by third parties located outside of the territorial United

16    States of America, including signing the Consent to Release of Financial Records appended to

17    this Order as **Attachment C**.

18    C.    Transfer to the territory of the United States all Documents and Assets located in

19    foreign countries which are: (1) titled in the name, individually or jointly, of Corporate

20    Defendant; (2) held by any Person or entity for the benefit of Corporate Defendant or for the

21    benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or

22    indirectly owned, managed or controlled by Corporate Defendant; or (3) under the direct or

23    indirect control, whether jointly or singly, of Corporate Defendant; and

24

1       D.     The same business day as any repatriation, (1) notify the Receiver and counsel for

2    Plaintiff of the name and location of the financial institution or other entity that is the recipient of

3    such Documents or Assets; and (2) serve this Order on any such financial institution or other

4    entity.

5               **VII.   NON-INTERFERENCE WITH REPATRIATION**

6       **IT IS FURTHER ORDERED** that Corporate Defendant, Corporate Defendant's

7    officers, agents, employees, and attorneys, and all other Persons in active concert or participation

8    with any of them, who receive actual notice of this Order, whether acting directly or indirectly,

9    are hereby temporarily restrained and enjoined from taking any action, directly or indirectly,

10   which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the

11   repatriation required by this Order, including, but not limited to:

12       A.     Sending any communication or engaging in any other act, directly or indirectly,

13   that results in a determination by a foreign trustee or other entity that a "duress" event has

14   occurred under the terms of a foreign trust agreement until such time that all Corporate

15   Defendant's Assets have been fully repatriated pursuant to this Order; or

16       B.     Notifying any trustee, protector or other agent of any foreign trust or other related

17   entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

18   a court order, until such time that all Corporate Defendant's Assets have been fully repatriated

19   pursuant to this Order.

20               **VIII.  CONSUMER CREDIT REPORTS**

21       **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning

22   Corporate Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.

23   1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports

24   are requested shall provide them to Plaintiff.

1      IX.    **PRESERVATION OF RECORDS**

2      **IT IS FURTHER ORDERED** that Corporate Defendant, Corporate Defendant's

3   officers, agents, employees, and attorneys, and all other Persons in active concert or participation

4   with any of them, who receive actual notice of this Order, whether acting directly or indirectly,

5   are hereby temporarily restrained and enjoined from:

6      A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

7   transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that

8   relate to:  (1) the business, business practices, Assets, or finances Corporate Defendant; (2) the

9   business practices or finances of entities directly or indirectly under the control of Corporate

10  Defendant; or (3) the business practices or finances of entities directly or indirectly under

11  common control with any other Defendant; and

12     B.    Failing to create and maintain Documents that, in reasonable detail, accurately,

13  fairly, and completely reflect Corporate Defendant's incomes, disbursements, transactions, and

14  use of Corporate Defendant's Assets.

15     X.    **REPORT OF NEW BUSINESS ACTIVITY**

16     **IT IS FURTHER ORDERED** that Corporate Defendant, Corporate Defendant's

17  officers, agents, employees, and attorneys, and all other Persons in active concert or participation

18  with any of them, who receive actual notice of this Order, whether acting directly or indirectly,

19  are hereby temporarily restrained and enjoined from creating, operating, or exercising any

20  control over any business entity, whether newly formed or previously inactive, including any

21  partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first

22  providing Plaintiff's counsel and the Receiver with a written statement disclosing:  (1) the name

23  of the business entity; (2) the address and telephone number of the business entity; (3) the names

24

14

1   of the business entity's officers, directors, principals, managers, and employees; and (4) a

2   detailed description of the business entity's intended activities.

3                  **XI.    CONTINUATION OF RECEIVERSHIP**

4        **IT IS FURTHER ORDERED** that Krista Freitag shall continue as receiver of the

5   Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the

6   agent of this Court in acting as Receiver under this Order.

7                **XII.    DUTIES AND AUTHORITY OF RECEIVER**

8        **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

9   accomplish the following:

10        A.    Assume full control of Receivership Entities by removing, as the Receiver deems

11   necessary or advisable, any director, officer, independent contractor, employee, attorney, or

12   agent of any Receivership Entity from control of, management of, or participation in, the affairs

13   of the Receivership Entity;

14        B.    Take exclusive custody, control, and possession of all Assets and Documents of,

15   or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

16        C.    Take exclusive custody, control, and possession of all Documents or Assets

17   associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever

18   situated, including reserve funds held by payment processors, credit card processors, merchant

19   banks, acquiring banks, independent sales organizations, third party processors, payment

20   gateways, insurance companies, or other entities;

21        D.    Conserve, hold, manage, and prevent the loss of all Assets of the Receivership

22   Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The

23   Receiver shall assume control over the income and profits therefrom and all sums of money now

24   or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue

1    for, collect, and receive, all Assets of the Receivership Entities and of other Persons or entities

2    whose interests are now under the direction, possession, custody, or control of, the Receivership

3    Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a

4    consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted

5    from the deceptive acts or practices or other violations of law alleged in the Complaint in this

6    matter, without prior Court approval;

7           E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the

8    Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.

9    The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are

10    accessible via electronic means, such as online access to financial accounts and access to

11    electronic Documents held onsite or by Electronic Data Hosts, by changing usernames,

12    passwords or other log-in credentials; take possession of all electronic Documents of the

13    Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all

14    such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of

15    obtaining electronic Documents stored onsite or remotely.

16           F.      Choose, engage, and employ attorneys, accountants, appraisers, and other

17    independent contractors and technical specialists, as the Receiver deems advisable or necessary

18    in the performance of duties and responsibilities under the authority granted by this Order;

19           G.      Make payments and disbursements from the receivership estate that are necessary

20    or advisable for carrying out the directions of, or exercising the authority granted by, this Order,

21    and to incur, or authorize the making of, such agreements as may be necessary and advisable in

22    discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior

23    approval of any payment of any debt or obligation incurred by the Receivership Entities prior to

24

1    the date of entry of this Order, except payments that the Receiver deems necessary or advisable

2    to secure Assets of the Receivership Entities, such as rental payments;

3           H.    Take all steps necessary to secure and take exclusive custody of each location

4    from which the Receivership Entities operate their businesses.  Such steps may include, but are

5    not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing

6    the location by changing the locks and alarm codes and disconnecting any internet access or

7    other means of access to the computers, servers, internal networks, or other records maintained at

8    that location; and (2) requiring any Persons present at the location to leave the premises, to

9    provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the

10    Receiver that such Persons are not removing from the premises Documents or Assets of the

11    Receivership Entities.  Law enforcement personnel, including, but not limited to, police or

12    sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and

13    maintain security.  If requested by the Receiver, the United States Marshal will provide

14    appropriate and necessary assistance to the Receiver to implement this Order and is authorized to

15    use any necessary and reasonable force to do so;

16           I.    Take all steps necessary to prevent the modification, destruction, or erasure of any

17    web page or website registered to and operated, in whole or in part, by Corporate Defendant and

18    to provide access to all such web page or websites to Plaintiff's representatives, agents, and

19    assistants, as well as Defendants and their representatives;

20           J.    Enter into and cancel contracts and purchase insurance as advisable or necessary;

21           K.    Prevent the inequitable distribution of Assets and determine, adjust, and protect

22    the interests of consumers who have transacted business with the Receivership Entities;

23

24

1        L.      Make an accounting, as soon as practicable, of the Assets and financial condition

2  of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

3        M.    Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or

4  otherwise become party to any legal action in state, federal or foreign courts or arbitration

5  proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of

6  the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but

7  not limited to, actions challenging fraudulent or voidable transfers;

8        N.     Issue subpoenas to obtain Documents and records pertaining to the Receivership,

9  and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining

10  other discovery as set forth in this Order;

11       O.     Open one or more bank accounts at designated depositories for funds of the

12  Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such

13  designated accounts and shall make all payments and disbursements from the receivership estate

14  from such accounts.  The Receiver shall serve copies of monthly account statements on all

15  parties;

16       P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

17       Q.     Allow the Plaintiffs' representatives, agents, and assistants, as well as

18  Defendants' representatives, reasonable access to the premises of the Receivership Entities, or

19  any other premises where the Receivership Entities conduct business.  The purpose of this access

20  shall be to inspect and copy any and all books, records, Documents, accounts, and other property

21  owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall

22  have the discretion to determine the time, manner, and reasonable conditions of such access;

23

24

1       R.     Allow the Plaintiffs' representatives, agents, and assistants, as well as Corporate

2    Defendant and its representatives reasonable access to all Documents in the possession, custody,

3    or control of the Receivership Entities;

4       S.     Cooperate with reasonable requests for information or assistance from any state or

5    federal civil or criminal law enforcement agency;

6       T.     Suspend business operations of the Receivership Entities if in the judgment of the

7    Receiver such operations cannot be continued legally and profitably;

8       U.     If the Receiver identifies a nonparty entity as a Receivership Entity, promptly

9    notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's

10    determination by filing a motion with the Court.  Provided, however, that the Receiver may delay

11    providing such notice until the Receiver has established control of the nonparty entity and its

12    assets and records, if the Receiver determines that notice to the entity or the parties before the

13    Receiver establishes control over the entity may result in the destruction of records, dissipation

14    of Assets, or any other obstruction of the Receiver's control of the entity; and

15       V.     If in the Receiver's judgment the business operations cannot be continued legally

16    and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages

17    or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or

18    are modified for consumer education and/or informational purposes, and take all steps necessary

19    to ensure that any telephone numbers associated with the Receivership Entities cannot be

20    accessed by the public, or are answered solely to provide consumer education or information

21    regarding the status of operations.

22        **XIII.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

23        **IT IS FURTHER ORDERED** that Corporate Defendant and any other Person, with

24    possession, custody or control of property of, or records relating to, the Receivership Entities

1    shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist

2    the Receiver in taking and maintaining possession, custody, or control of the Assets and

3    Documents of the Receivership Entities and immediately transfer or deliver to the Receiver

4    possession, custody, and control of, the following:

5          A.     All Assets held by or for the benefit of the Receivership Entities;

6          B.     All Documents or Assets associated with credits, debits, or charges made on

7    behalf of any Receivership Entity, wherever situated, including reserve funds held by payment

8    processors, credit card processors, merchant banks, acquiring banks, independent sales

9    organizations, third party processors, payment gateways, insurance companies, or other entities;

10          C.     All Documents of or pertaining to the Receivership Entities;

11          D.     All computers, electronic devices, mobile devices and machines used to conduct

12    the business of the Receivership Entities;

13          E.     All Assets and Documents belonging to other Persons or entities whose interests

14    are under the direction, possession, custody, or control of the Receivership Entities; and

15          F.     All keys, codes, user names and passwords necessary to gain or to secure access

16    to any Assets or Documents of or pertaining to the Receivership Entities, including access to

17    their business premises, means of communication, accounts, computer systems (onsite and

18    remote), Electronic Data Hosts, or other property.

19    In the event that any Person or entity fails to deliver or transfer any Asset or Document, or

20    otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit

21    of Non-Compliance regarding the failure and a motion seeking compliance or a contempt

22    citation.

23

24

## XIV.   PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Corporate Defendant shall immediately provide to

the Receiver:

A.      A list of all Assets and accounts of the Receivership Entities that are held in any

name other than the name of a Receivership Entity, or by any Person or entity other than a

Receivership Entity;

B.      A list of all agents, employees, officers, attorneys, servants and those Persons in

active concert and participation with the Receivership Entities, or who have been associated or

done business with the Receivership Entities; and

C.      A description of any Documents covered by attorney-client privilege or attorney

work product, including files where such Documents are likely to be located, authors or

recipients of such Documents, and search terms likely to identify such electronic Documents.

## XV.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Corporate Defendant; Receivership Entities;

Corporate Defendant's or Receivership Entities' officers, agents, employees, and attorneys, all

other Persons in active concert or participation with any of them, and any other Person with

possession, custody, or control of property of or records relating to the Receivership Entities who

receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This

cooperation and assistance shall include, but is not limited to, providing information to the

Receiver that the Receiver deems necessary to exercise the authority and discharge the

responsibilities of the Receiver under this Order; providing any keys, codes, user names and

passwords required to access any computers, electronic devices, mobile devices, and machines

(onsite or remotely) and any cloud account (including specific method to access account) or

electronic file in any medium; advising all Persons who owe money to any Receivership Entity

1    that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's

2    direction and producing records related to the Assets and sales of the Receivership Entities.

3                    **XVI.    NON-INTERFERENCE WITH THE RECEIVER**

4            **IT IS FURTHER ORDERED** that Corporate Defendant; Receivership Entities;

5    Corporate Defendant's or Receivership Entities' officers, agents, employees, attorneys, and all

6    other Persons in active concert or participation with any of them, who receive actual notice of

7    this Order, and any other Person served with a copy of this Order, are hereby restrained and

8    enjoined from directly or indirectly:

9            A.        Interfering with the Receiver's efforts to manage, or take custody, control, or

10    possession of, the Assets or Documents subject to the receivership;

11           B.        Transacting any of the business of the Receivership Entities;

12           C.        Transferring, receiving, altering, selling, encumbering, pledging, assigning,

13    liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or

14    custody of, or in which an interest is held or claimed by, the Receivership Entities; or

15           D.        Refusing to cooperate with the Receiver or the Receiver's duly authorized agents

16    in the exercise of their duties or authority under any order of this Court.

17                             **XVII.  STAY OF ACTIONS**

18           **IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency

19    of the receivership ordered herein, Corporate Defendant, Corporate Defendant's officers, agents,

20    employees, attorneys, and all other Persons in active concert or participation with any of them,

21    who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or

22    affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking

23    to establish or enforce any claim, right, or interest against or on behalf of Corporate Defendant,

24    and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that

1   would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the

2   Receivership Entities, including, but not limited to:

3          A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code,

4   11 U.S.C. § 101, *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership

5   Entities;

6          B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action

7   or proceeding against the Receivership Entities, including the issuance or employment of process

8   against the Receivership Entities, except that such actions may be commenced if necessary to toll

9   any applicable statute of limitations;

10         C.      Filing or enforcing any lien on any asset of the Receivership Entities, taking or

11  attempting to take possession, custody, or control of any Asset of the Receivership Entities; or

12  attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership

13  Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

14  Provided, however, that this Order does not stay:  (1) the commencement or continuation of a

15  criminal action or proceeding; (2) the commencement or continuation of an action or proceeding

16  by a governmental unit to enforce such governmental unit's police or regulatory power; or (3)

17  the enforcement of a judgment, other than a money judgment, obtained in an action or

18  proceeding by a governmental unit to enforce such governmental unit's police or regulatory

19  power.

20                         **XVIII. COMPENSATION OF RECEIVER**

21         **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

22  as herein authorized, including counsel to the Receiver and accountants, are entitled to

23  reasonable compensation for the performance of duties pursuant to this Order and for the cost of

24  actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession

1    or control of, or which may be received by, the Receivership Entities.  The Receiver shall file

2    with the Court and serve on the parties periodic requests for the payment of such reasonable

3    compensation, with the first such request filed no more than sixty (60) days after the date of

4    entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such

5    fee applications without prior approval of the Court.

6                                  **XIX.    RECEIVER'S BOND**

7            **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

8    bond in the sum of $20,000 with sureties to be approved by the Court, conditioned that the

9    Receiver will well and truly perform the duties of the office and abide by and perform all acts the

10   Court directs.  28 U.S.C. § 754. Provided however the Receiver will not have to post a bond if a

11   bond was submitted pursuant to the TRO.

12           **XX.    IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS**

13           IT IS FURTHER ORDERED that:

14           A.      In order to allow Plaintiff and the Receiver to preserve Assets and evidence

15   relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their

16   representatives, agents, contractors, and assistants, shall have immediate access to the business

17   premises and storage facilities, owned, controlled, or used by the Receivership Entities.  Such

18   locations include, but are not limited to, any offsite location or commercial mailbox used by the

19   Receivership Entities.  The Receiver may exclude Corporate Defendant, Receivership Entities,

20   and their employees from the business premises during the immediate access.

21           B.      Any landlord, management office, security office, or any other Person that

22   controls access to any such business premises shall, immediately upon receiving notice of this

23   Order, cooperate with the Receiver and take whatever steps necessary to allow the Receiver

24   access to such business premises, and such Persons are prohibited from notifying any Defendant

1    of the existence of this Order or the Receiver's entry into the business premises until the

2    Receiver has notified such Persons in writing that the Receiver has secured such business

3    premises.

4        C.    Plaintiff and the Receiver, and their representatives, agents, contractors, and

5    assistants, are authorized to remove Documents from the Receivership Entities' premises in

6    order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed

7    materials to the Receiver within five (5) business days of completing inventorying and copying,

8    or such time as is agreed upon by Plaintiff and the Receiver;

9        D.    Plaintiff's access to the Receivership Entities' Documents pursuant to this Section

10   shall not provide grounds for any Defendant to object to any subsequent request for Documents

11   served by Plaintiff.

12       E.    Plaintiff and the Receiver, and their representatives, agents, contractors, and

13   assistants, are authorized to obtain the assistance of federal, state and local law enforcement

14   officers as they deem necessary to effect service and to implement peacefully the provisions of

15   this Order;

16       F.    If any Documents, computers, or electronic storage devices containing

17   information related to the business practices or finances of the Receivership Entities are at a

18   location other than those listed herein, including personal residence(s) of any Defendant, then,

19   immediately upon receiving notice of this order, Defendants and Receivership Entities shall

20   produce to the Receiver all such Documents, computers, and electronic storage devices, along

21   with any codes or passwords needed for access.  In order to prevent the destruction of computer

22   data, upon service of this Order, any such computers or electronic storage devices shall be

23

24

1  powered down in the normal course of the operating system used on such devices and shall not

2  be powered up or used until produced for copying and inspection; and

3      G.      If any communications or records of any Receivership Entity are stored with an

4  Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide

5  the Receiver with the username, passwords, and any other login credential needed to access the

6  communications and records, and shall not attempt to access, or cause a third-party to attempt to

7  access, the communications or records.

8                  **XXI.   DISTRIBUTION OF ORDER BY CORPORATE DEFENDANT**

9          **IT IS FURTHER ORDERED** that Corporate Defendant shall immediately provide a

10  copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign,

11  member, officer, director, employee, agent, independent contractor, client, attorney, spouse,

12  subsidiary, division, and representative of any Corporate Defendant, and shall, within ten (10)

13  days from the date of entry of this Order, and provide Plaintiff and the Receiver with a sworn

14  statement that this provision of the Order has been satisfied, which statement shall include the

15  names, physical addresses, phone number, and email addresses of each such Person or entity

16  who received a copy of the Order.  Furthermore, Corporate Defendant shall not take any action

17  that would encourage officers, agents, members, directors, employees, salespersons, independent

18  contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in

19  active concert or participation with them to disregard this Order or believe that they are not

20  bound by its provisions.

21                          **XXII.  EXPEDITED DISCOVERY**

22          **IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P.

23  26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff

24  and the Receiver are granted leave, at any time after service of this Order, to conduct limited

1    expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of

2    Corporate Defendant's Assets; (2) the nature, location, and extent of Corporate Defendant's

3    business transactions and operations; (3) Documents reflecting Corporate Defendant's business

4    transactions and operations; or (4) compliance with this Order.  The limited expedited discovery

5    set forth in this Section shall proceed as follows:

6         A.    Plaintiff and the Receiver may take the deposition of parties and non-parties.

7    Forty-eight (48) hours' notice shall be sufficient notice for such depositions.  The limitations and

8    conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure

9    regarding subsequent depositions of an individual shall not apply to depositions taken pursuant

10   to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards

11   the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken

12   by telephone or other remote electronic means;

13        B.    Plaintiff and the Receiver may serve upon parties requests for production of

14   Documents or inspection that require production or inspection within five (5) days of service,

15   provided, however, that three (3) days of notice shall be deemed sufficient for the production of

16   any such Documents that are maintained or stored only in an electronic format.

17        C.    Plaintiff and the Receiver may serve upon parties interrogatories that require

18   response within five (5) days after Plaintiff serves such interrogatories;

19        D.    The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct

20   production or inspection within five (5) days of service.

21        E.    Service of discovery upon a party to this action, taken pursuant to this Section,

22   shall be sufficient if made by facsimile, email, or by overnight delivery.

23

24

1         F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not

2    subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local

3    Rules of this Court.  The expedited discovery permitted by this Section does not require a

4    meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil

5    Procedure.

6    **XXIII. SERVICE OF THIS ORDER**

7         **IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

8    including facsimile transmission, electronic mail or other electronic messaging, personal or

9    overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law

10   enforcement agency, or by private process server, upon Corporate Defendant or any Person

11   (including any financial institution) that may have possession, custody or control of any Asset or

12   Document of Corporate Defendant, or that may be subject to any provision of this Order

13   pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section,

14   service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the

15   entire entity.

16   **XXIV. CORRESPONDENCE AND SERVICE ON PLAINTIFF**

17        **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

18   and service of pleadings on Plaintiff shall be addressed to:

19   John O'Gorman, 1999 Bryan Street, Suite 2150, Dallas, TX 75201, Phone Number: (202) 758-

20   7704, Fax Number: (214) 953-3079, Email Address: jogorman@ftc.gov

21

22

23

24

28

1

## XXV.  RETENTION OF JURISDICTION

2          **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

3    all purposes.

4    IT IS SO ORDERED

5                                                            _____

6                                                            UNITED STATES DISTRICT JUDGE

7                                                            DATED:_December 6, 2024_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1.      Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.      The font size within each field will adjust automatically as you type to accommodate longer responses.

3.      In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.      When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.      Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.      Type or print legibly.

7.      An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

ATTACHMENT A

## BACKGROUND INFORMATION

**Item 1.**        **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**        **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**        **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

ATTACHMENT A

**Item 4.**        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

|    Name & Address    |    % Owned    |

| :--- | :--- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 5.**        **Board Members**

List all members of the corporation's Board of Directors.

|    Name & Address    |    % Owned    |    Term (From/Until)    |

| :--- | :--- | :--- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 6.**        **Officers**

List all of the corporation's officers, including _de facto_ officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

|    Name & Address    |    % Owned    |

| :--- | :--- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Initials _____

ATTACHMENT A

**Item 7.**        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

ATTACHMENT A

**Item 10.**        **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**        **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Initials _____

ATTACHMENT A

**Item 13.**          **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

ATTACHMENT A

<u>**Item 14.**</u>　　　　**Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Page  7                                                              Initials _____

ATTACHMENT A

<u>**Item 15.**</u>            **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>**Item 16.**</u>            **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| <u>Owner's Name</u> | <u>Name & Address of Depository Institution</u> | <u>Box No.</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

<u>**FINANCIAL INFORMATION**</u>

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>**Item 17.**</u>            **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| <u>Federal/ State/Both</u> | <u>Tax Year</u> | <u>Tax Due Federal</u> | <u>Tax Paid Federal</u> | <u>Tax Due State</u> | <u>Tax Paid State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

Page  8                                                                                    Initials _____

ATTACHMENT A

**Item 18.**        **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date.  *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

**Item 19.**        **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|--|----------------------|------------|-------------|-------------|
| Gross Revenue | $_____ | $_____ | $_____ | $_____ |
| Expenses | $_____ | $_____ | $_____ | $_____ |
| Net Profit After Taxes | $_____ | $_____ | $_____ | $_____ |
| Payables | $_____ | | | |
| Receivables | $_____ | | | |

**Item 20.**        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____        Cash Held for the Corporation's Benefit $_____

| Name & Address of  Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

Initials _____

ATTACHMENT A

**Item 21.**    **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____


**Item 22.**    **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

ATTACHMENT A

<u>**Item 23.**</u>        **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| <u>Property Category</u> | <u>Property Location</u> | <u>Acquisition Cost</u> | <u>Current Value</u> |
|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |

<u>**Item 24.**</u>        **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| <u>Trustee or Escrow Agent's Name & Address</u> | <u>Description and Location of Assets</u> | <u>Present Market Value of Assets</u> |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

Initials _____

ATTACHMENT A

<u>**Item 25.**</u>        **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____


<u>**Item 26.**</u>        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____


        Initials _____

ATTACHMENT A

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>                     <u>Names of Authorized Users and Positions Held</u>

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Item 29.**        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date.  "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans.  "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Page  13                                                             Initials _____

ATTACHMENT A

**Item 30.**         **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years.  "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans.  "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**         **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

ATTACHMENT A

<u>**Item 32.**</u>          **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

<u>Item No. Document
Relates To</u>          <u>Description of Document</u>

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

          I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                    Signature

                                          _____
                                          Corporate Position

ATTACHMENT A

Form **4506**

(January 2024)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you request).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions).

**4** Previous address shown on the last return filed if different from line 3 (see instructions).

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

_____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____

_____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____

**8** **Fee.** There is a $30 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order**

| | | |
|---|---|---|
| **a** Cost for each return . . . . . . . . . . . . . . . . . . . . . | $ | 30.00 |
| **b** Number of returns requested on line 7 . . . . . . . . . . . . | | |
| **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been complete

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

| | |
|---|---|
| ▶ **Signature** (see instructions) | Date |
| Print/Type name | **Title** (if line 1a above is a corporation, partnership, estate, or trust) |
| ▶ **Spouse's signature** | Date |
| Print/Type name | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**     Cat. No. 41721E     Form **4506** (Rev. 1-2024)

ATTACHMENT B

Form 4506 (Rev. 1-2024)    Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7*, have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

 If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
| --- | --- |
| Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Delaware, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
| --- | --- |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B, Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7*, are completed before being signed.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

 Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

 You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

 The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

 If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

 Internal Revenue Service
 Tax Forms and Publications Division
 1111 Constitution Ave. NW, IR-6526
 Washington, DC 20224.

 Do not send the form to this address. Instead, see *Where to file* on this page.

ATTACHMENT B

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____of _____, (City, State), do hereby direct any bank, saving and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls, or maintains custody of assets, wherever located, that are owned or controlled by me or at which there is an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of [          ], now pending in the United States District Court of [          ], and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect hereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated:_____    Signature:_____

                             Printed Name:_____

ATTACHMENT C