JOHN R. O'GORMAN
    Texas Bar No. 24121292; jogorman@ftc.gov
LUIS GALLEGOS
    Oklahoma Bar No. 19098; lgallegos@ftc.gov
REID TEPFER
    Texas Bar No. 24079444; rtepfer@ftc.gov

Federal Trade Commission
1999 Bryan St., Suite 2150
Dallas, TX 75201
Phone: (202) 758-7704 (O'Gorman)
Fax: (214) 953-3079

*Attorneys for Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR SERVICING LLC, a limited liability company; and<br><br>DENNISE MERDJANIAN, aka Dennise Correa, individually and as managing member of SUPERIOR SERVICING LLC,<br><br>Defendants. | Case No. 2:24-cv-02163-GMN-MDC<br><br>**PRELIMINARY INJUNCTION AS TO DEFENDANT DENNISE MERDJANIAN** |

Plaintiff, the Federal Trade Commission ("FTC"), commenced this civil action on November 18, 2024, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a) (Dkt. 1). On November 22, 2024, on motion by the FTC, the Court entered an *ex parte* temporary restraining order, asset freeze, and other equitable

1  relief against Defendants Superior Servicing LLC and Dennise Merdjanian ("TRO") (Dkt. 9). On

2  December 5, 2024, the Court held a hearing to determine, among other things, whether an order

3  to show cause why a preliminary injunction should issue against Defendants. On December 6,

4  2024, the Court issued an Order Granting Preliminary Injunction as to Defendant Superior

5  Servicing LLC (Dkt. 30) ("Superior Servicing's Preliminary Injunction"). On December 19,

6  2024, the Court held a hearing to determine, among other things, whether an order to show cause

7  why a preliminary injunction should issue against Defendant Dennise Merdjanian.

8                                   **FINDINGS OF FACT**

9          The Court, having considered the Complaint, the FTC's *ex parte* Motion for a Temporary

10  Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in

11  support thereof, and being otherwise advised, finds that:

12         A.      This Court has jurisdiction over the subject matter of this case, and there is good

13  cause to believe that it will have jurisdiction over all parties hereto and that venue in this district

14  is proper.

15         B.      There is good cause to believe that, in numerous instances, in connection with the

16  marketing, telemarketing, and sale of student loan Debt Relief Services, including in connection

17  with obtaining or attempting to obtain customer information of a financial institution, Defendant

18  Merdjanian, has:

19                         1.     Falsely represented that consumers who purchase Defendants' Debt Relief

20                                 Services will get enrolled in a loan consolidation program that will

21                                 consolidate their student loans and have their monthly student loan

22                                 payments reduced;

23

24

2.   Falsely represented that consumers who purchase Defendants' Debt Relief Services will receive loan forgiveness;

3.   Falsely represented that consumers' monthly payments to Defendants will be applied towards consumers' student loans;

4.   Falsely represented that Defendants are affiliated with the Department of Education or its approved loan servicers;

5.   Falsely represented that Defendants will assume responsibility for servicing of consumers' student loans; and

6.   Taken advance fees for the Debt Relief Services;

C.     There is good cause to believe that Defendant Dennise Merdjanian has engaged in and is likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, Section 521 of the GLB Act, 15. U.S.C. § 6821, and the FTC's Trade Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461, and that Plaintiff is therefore likely to prevail on the merits of this action.  As demonstrated by the consumer declarations, consumer complaints, and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing that Individual Defendant has made false, fictitious, fraudulent, and deceptive representations regarding Defendants' student loan Debt Relief Services and taken illegal advance fees for those services.

D.     There is good cause to believe that Defendants has taken in gross revenues of over $10 million as a result of their unlawful practices.

E.     There is good cause to believe that immediate and irreparable harm will result from Individual Defendant's ongoing violations of the FTC Act, the TSR, the GLB Act, and the

3

1    Impersonation Rule unless Individual Defendant is restrained and enjoined by order of this

2    Court.

3            F.    There is good cause to believe that immediate and irreparable damage to the

4    Court's ability to grant effective final relief for consumers—including rescission or reformation

5    of contracts and the refund of money—will occur from the sale, transfer, destruction or other

6    disposition or concealment by Individual Defendant of her assets or records, unless Individual

7    Defendant is immediately restrained and enjoined by order of this Court.

8            G.    Good cause exists for continuing to permit the Plaintiff and the Receiver

9    immediate access to the Individual Defendant's business premises, and permitting the Plaintiff

10   and the Receiver to take expedited discovery.

11           H.    Weighing the equities and considering Plaintiff's likelihood of ultimate success

12   on the merits, a preliminary injunction with an asset freeze, immediate access to business

13   premises, expedited discovery, and other equitable relief is in the public interest.

14           I.    This Court has authority to issue this Order pursuant to Section 13(b) of the FTC

15   Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

16   **DEFINITIONS**

17   For the purpose of this Order, the following definitions shall apply:

18           A.    "**Asset**" means any legal or equitable interest in, right to, or claim to, any

19   property, wherever located and by whomever held.

20           B.    "**Corporate Defendant**" means Superior Servicing LLC and each of its

21   subsidiaries, affiliates, successors, and assigns.

22           C.    "**Debt Relief Service**" means any program or service represented, directly or by

23   implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the

24

1    debt between a Person and one or more unsecured creditors or debt collectors, including, but not

2    limited to, a reduction in the balance, interest rate, or fees owed by a Person to an unsecured

3    creditor or debt collector.

4          D.      **"Defendants"** means Corporate Defendant and Individual Defendant,

5    individually, collectively, or in any combination.

6          E.      **"Document"** is synonymous in meaning and equal in scope to the usage of

7    "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a),

8    Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and

9    video recordings, images, Internet sites, web pages, websites, electronic correspondence,

10    including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs,

11    Server Access Logs, books, written or printed records, handwritten notes, telephone logs,

12    telephone scripts, receipt books, ledgers, personal and business canceled checks and check

13    registers, bank statements, appointment books, computer records, customer or sales databases

14    and any other electronically stored information, including Documents located on remote servers

15    or cloud computing systems, and other data or data compilations from which information can be

16    obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-

17    identical copy is a separate document within the meaning of the term.

18          F.      **"Electronic Data Host"** means any Person or entity in the business of storing,

19    hosting, or otherwise maintaining electronically stored information. This includes, but is not

20    limited to, any entity hosting a website or server, and any entity providing "cloud based"

21    electronic storage.

22          G.      **"Individual Defendant"** means Dennise Merdjanian, individually, collectively,

23    or in any combination.

24

1    H.    **"Person"** means a natural person, an organization or other legal entity, including

2    a corporation, partnership, sole proprietorship, limited liability company, association,

3    cooperative, or any other group or combination acting as an entity.

4    I.    **"Receiver"** means the receiver appointed in Section XI of this Order and any

5    deputy receivers that shall be named by the Receiver, including Thomas Hebrank.

6    J.    **"Receivership Entities"** means Corporate Defendant as well as any other entity

7    that has conducted any business related to Defendants' marketing of Debt Relief Services,

8    including receipt of Assets derived from any activity that is the subject of the Complaint in this

9    matter, and that the Receiver determines is controlled or owned by any Defendant.

10   Receivership Entities include those identified by the Receiver on page 14 of the First Interim

11   Report such as Accredit, LLC, Sunrise Solutions USA, LLC, Alumni Advantage, LLC, Student

12   Processing Center Group, LLC, SPCTWO, LLC, Gold West Financial, LLC, DM Financial,

13   LLC, LJC Music National LLC, South Coast Services, LLC, Business Done Right Inc., ET&C

14   Holdings, LLC, Capital Servicing, LLC, Cornerstone Doc Prep, Inc., Amerifed Doc Prep, LLC,

15   Amerifed Servicing, Inc., Scholastic Solutions LLC, and First Clover Capital, Inc.

16                                        **ORDER**

17        **I.    PROHIBITED BUSINESS ACTIVITIES**

18        **IT IS THEREFORE ORDERED** that Individual Defendant, Individual Defendant's

19   agents, employees, and attorneys, and all other Persons in active concert or participation with

20   them, who receive actual notice of this Order by personal service or otherwise, whether acting

21   directly or indirectly, in connection with the advertising, marketing, promoting, or offering for

22   sale of any goods or services, are temporarily restrained and enjoined from:

23        A.    Misrepresenting or assisting others in misrepresenting, expressly or by

24   implication, any material fact, including, but not limited to:

         1.   That consumers who purchase any Debt Relief Service will have their monthly

              loan payment amounts reduced;

2. That consumers who purchase any Debt Relief Service will receive loan forgiveness;

3. That consumers' monthly payments to Defendants will be applied towards consumer's student loans;

6

4.   That Defendants are affiliated with the U.S. Department of Education or its

approved loan servicers;

5.   That Defendants will assume responsibility for servicing the repayment of

consumers' loans; and

6.   Any other fact material to consumers concerning any good or service, such as:

the total costs; any material restrictions, limitations, or conditions; or any

material aspect of its performance, efficacy, nature, or central characteristics.

B.     Charging or receiving any money or other valuable consideration for the

performance of any Debt Relief Service before such service is fully performed.

## II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's agents,

employees, and attorneys, and all other Persons in active concert or participation with any of

them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby

temporarily restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing, the name, address,

birth date, telephone number, email address, credit card number, bank account number, Social

Security number, or other financial or identifying information of any Person that any Defendant

obtained in connection with any activity that pertains to the subject matter of this Order; and

B.     Benefitting from or using the name, address, birth date, telephone number, email

address, credit card number, bank account number, Social Security number, or other financial or

identifying information of any Person that any Defendant obtained in connection with any

activity that pertains to the subject matter of this Order.

Provided, however, that Individual Defendant may disclose such identifying information

to a law enforcement agency, to their attorneys as required for their defense, as required by any

7

1    law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the

2    manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

3                   **III.    ASSET FREEZE**

4          **IT IS FURTHER ORDERED** that Individual Defendant and her agents, employees,

5    and attorneys, and all other Persons in active concert or participation with any of them, who

6    receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

7    restrained and enjoined from:

8          A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

9    concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a

10   lien or security interest or other interest in, or otherwise disposing of any Assets that are:

11             1.      owned or controlled, directly or indirectly, by any Defendant;

12             2.      held, in part or in whole, for the benefit any Defendant;

13             3.      in the actual or constructive possession of any Defendant; or

14             4.      owned or controlled by, in the actual or constructive possession of, or

15                    otherwise held for the benefit of, any corporation, partnership, asset

16                    protection trust, or other entity that is directly or indirectly owned,

17                    managed or controlled by any Defendant.

18          B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

19    or storage facilities titled in the name of any Defendant or subject to access by any Defendant,

20    except as necessary to comply with written requests from the Receiver acting pursuant to its

21    authority under this Order or Superior Servicing's Preliminary Injunction;

22          C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in

23    the name, individually or jointly, of any corporation, partnership, or other entity directly or

24    indirectly owned, managed, or controlled by any Defendant.

1    D.    Cashing any checks or depositing any money orders or cash received from

2    consumers, clients, or customers of any Defendant.

3    The Assets affected by this Section shall include: (1) all Assets of Individual Defendant as of the

4    time the TRO was entered; and (2) Assets obtained by Individual Defendant after this Order is

5    entered if those Assets are derived from any activity that is the subject of the Complaint in this

6    matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the

7    Receiver or repatriation of foreign Assets specifically required by this order.

8    **IV.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

9    **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic

10    Data Host, credit card processor, payment processor, merchant bank, acquiring bank,

11    independent sales organization, third party processor, payment gateway, insurance company,

12    business entity, or Person who receives actual notice of this Order (by service or otherwise) that:

13    (a) has held, controlled, or maintained custody, through an account or otherwise, of any

14    Document on behalf of Individual Defendant or any Asset that has been: owned or controlled,

15    directly or indirectly, by Individual Defendant; held, in part or in whole, for the benefit of

16    Individual Defendant; in the actual or constructive possession of Individual Defendant; or owned

17    or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of,

18    any corporation, partnership, asset protection trust, or other entity that is directly or indirectly

19    owned, managed or controlled by Individual Defendant;

20    (b) has held, controlled, or maintained custody, through an account or otherwise, of any

21    Document or Asset associated with credits, debits, or charges made on behalf of Individual

22    Defendant, including reserve funds held by payment processors, credit card processors, merchant

23    banks, acquiring banks, independent sales organizations, third party processors, payment

24    gateways, insurance companies, or other entities; or

9

1    (c) has extended credit to Individual Defendant, including through a credit card account,

2    shall:

3        A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

4    alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

5    conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

6    other property related to such Assets, except by further order of this Court; provided, however,

7    that this provision does not prohibit Individual Defendant from incurring charges on a personal

8    credit card established prior to entry of this Order, up to the pre-existing credit limit;

9        B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial

10   mailbox, or storage facility that is titled in the name of Individual Defendant, either individually

11   or jointly, or otherwise subject to access by any Defendant;

12       C.    Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a

13   copy of this Order, a sworn statement setting forth, for each Asset or account covered by this

14   Section:

15           1.    The identification number of each such account or Asset;

16           2.    The balance of each such account, or a description of the nature and value

17               of each such Asset as of the close of business on the day on which this

18               Order is served, and, if the account or other Asset has been closed or

19               removed, the date closed or removed, the total funds removed in order to

20               close the account, and the name of the Person or entity to whom such

21               account or other Asset was remitted; and

22

23

24

3.      The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.      Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to each account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities. Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

E.      Provided, however, that a financial institution does not have to provide the information required in sub-sections C and D if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

F.      *Provided, however*, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## V.      FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that Individual Defendant, within five (5) days of service of this Order upon her, shall prepare and deliver to Plaintiff's counsel and the Receiver:

A.      completed financial statement on the form attached to this Order as **Attachment A** (Financial Statement of Individual Defendant); and

B.    completed **Attachment B** (IRS Form 4506, Request for Copy of a Tax Return)

for Individual Defendant.

C.    *Provided*, that Individual Defendant does not have to provide such financial report

if (1) it has complied with the similar provision set forth in Section V of the TRO; and (2) the

information provided has not changed.

## VI.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this

Order, Individual Defendant shall:

A.    Provide Plaintiff's counsel and the Receiver with a full accounting, verified under

oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of

the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2)

held by any Person or entity for the benefit of Individual Defendant or for the benefit of, any

corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

managed or controlled by Individual Defendant; or (3) under the direct or indirect control,

whether jointly or singly, of Individual Defendant;

B.    Take all steps necessary to provide Plaintiff's counsel and Receiver access to all

Documents and records that may be held by third parties located outside of the territorial United

States of America, including signing the Consent to Release of Financial Records appended to

this Order as **Attachment C**.

C.    Transfer to the territory of the United States all Documents and Assets located in

foreign countries which are: (1) titled in the name, individually or jointly, of Individual

Defendant; (2) held by any Person or entity for the benefit of Individual Defendant or for the

benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or

1    indirectly owned, managed or controlled by Individual Defendant; or (3) under the direct or

2    indirect control, whether jointly or singly, of Individual Defendant; and

3        D.      The same business day as any repatriation, (1) notify the Receiver and counsel for

4    Plaintiff of the name and location of the financial institution or other entity that is the recipient of

5    such Documents or Assets; and (2) serve this Order on any such financial institution or other

6    entity.

7                    **VII.    NON-INTERFERENCE WITH REPATRIATION**

8        **IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's agents,

9    employees, and attorneys, and all other Persons in active concert or participation with any of

10    them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby

11    temporarily restrained and enjoined from taking any action, directly or indirectly, which may

12    result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation

13    required by this Order, including, but not limited to:

14        A.      Sending any communication or engaging in any other act, directly or indirectly,

15    that results in a determination by a foreign trustee or other entity that a "duress" event has

16    occurred under the terms of a foreign trust agreement until such time that all Individual

17    Defendant's Assets have been fully repatriated pursuant to this Order; or

18        B.      Notifying any trustee, protector or other agent of any foreign trust or other related

19    entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

20    a court order, until such time that all Individual Defendant's Assets have been fully repatriated

21    pursuant to this Order.

22                    **VIII.   CONSUMER CREDIT REPORTS**

23        **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning

24    Individual Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.

1   1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports

2   are requested shall provide them to Plaintiff.

## IX.    PRESERVATION OF RECORDS

4   **IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's agents,

5   employees, and attorneys, and all other Persons in active concert or participation with any of

6   them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby

7   temporarily restrained and enjoined from:

8          A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

9   transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that

10  relate to:  (1) the business, business practices, Assets, or finances of Individual Defendant; (2)

11  the business practices or finances of entities directly or indirectly under the control of Individual

12  Defendant; or (3) the business practices or finances of entities directly or indirectly under

13  common control with any other Defendant; and

14         B.     Failing to create and maintain Documents that, in reasonable detail, accurately,

15  fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of

16  Defendants' Assets.

## X.    REPORT OF NEW BUSINESS ACTIVITY

18  **IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's agents,

19  employees, and attorneys, and all other Persons in active concert or participation with any of

20  them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby

21  temporarily restrained and enjoined from creating, operating, or exercising any control over any

22  business entity, whether newly formed or previously inactive, including any partnership, limited

23  partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's

24  counsel and the Receiver with a written statement disclosing:  (1) the name of the business

1    entity; (2) the address and telephone number of the business entity; (3) the names of the business

2    entity's officers, directors, principals, managers, and employees; and (4) a detailed description of

3    the business entity's intended activities.

### XI.    CONTINUATION OF RECEIVERSHIP

5        **IT IS FURTHER ORDERED** that, as also ordered in this Court's Preliminary

6    Injunction against Superior Servicing, Krista Freitag shall continue as receiver of the

7    Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the

8    agent of this Court in acting as Receiver under this Order.

### XII.    DUTIES AND AUTHORITY OF RECEIVER

10        **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

11    accomplish the following:

12        A.    Assume full control of Receivership Entities by removing, as the Receiver deems

13    necessary or advisable, any director, officer, independent contractor, employee, attorney, or

14    agent of any Receivership Entity from control of, management of, or participation in, the affairs

15    of the Receivership Entity;

16        B.    Take exclusive custody, control, and possession of all Assets and Documents of,

17    or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

18        C.    Take exclusive custody, control, and possession of all Documents or Assets

19    associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever

20    situated, including reserve funds held by payment processors, credit card processors, merchant

21    banks, acquiring banks, independent sales organizations, third party processors, payment

22    gateways, insurance companies, or other entities;

23        D.    Conserve, hold, manage, and prevent the loss of all Assets of the Receivership

24    Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The

1    Receiver shall assume control over the income and profits therefrom and all sums of money now

2    or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue

3    for, collect, and receive, all Assets of the Receivership Entities and of other Persons or entities

4    whose interests are now under the direction, possession, custody, or control of, the Receivership

5    Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a

6    consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted

7    from the deceptive acts or practices or other violations of law alleged in the Complaint in this

8    matter, without prior Court approval;

9        E.    Obtain, conserve, hold, manage, and prevent the loss of all Documents of the

10   Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.

11   The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are

12   accessible via electronic means, such as online access to financial accounts and access to

13   electronic Documents held onsite or by Electronic Data Hosts, by changing usernames,

14   passwords or other log-in credentials; take possession of all electronic Documents of the

15   Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all

16   such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of

17   obtaining electronic Documents stored onsite or remotely.

18       F.    Choose, engage, and employ attorneys, accountants, appraisers, and other

19   independent contractors and technical specialists, as the Receiver deems advisable or necessary

20   in the performance of duties and responsibilities under the authority granted by this Order;

21       G.    Make payments and disbursements from the receivership estate that are necessary

22   or advisable for carrying out the directions of, or exercising the authority granted by, this Order,

23   and to incur, or authorize the making of, such agreements as may be necessary and advisable in

24

1    discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior

2    approval of any payment of any debt or obligation incurred by the Receivership Entities prior to

3    the date of entry of this Order, except payments that the Receiver deems necessary or advisable

4    to secure Assets of the Receivership Entities, such as rental payments;

5         H.     Take all steps necessary to secure and take exclusive custody of each location

6    from which the Receivership Entities operate their businesses. Such steps may include, but are

7    not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing

8    the location by changing the locks and alarm codes and disconnecting any internet access or

9    other means of access to the computers, servers, internal networks, or other records maintained at

10    that location; and (2) requiring any Persons present at the location to leave the premises, to

11    provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the

12    Receiver that such Persons are not removing from the premises Documents or Assets of the

13    Receivership Entities. Law enforcement personnel, including, but not limited to, police or

14    sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and

15    maintain security. If requested by the Receiver, the United States Marshal will provide

16    appropriate and necessary assistance to the Receiver to implement this Order and is authorized to

17    use any necessary and reasonable force to do so;

18         I.     Take all steps necessary to prevent the modification, destruction, or erasure of any

19    web page or website registered to and operated, in whole or in part, by Corporate Defendant and

20    to provide access to all such web page or websites to Plaintiff's representatives, agents, and

21    assistants, as well as Defendants and their representatives;

22         J.     Enter into and cancel contracts and purchase insurance as advisable or necessary;

23

24

1        K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect

2    the interests of consumers who have transacted business with the Receivership Entities;

3        L.      Make an accounting, as soon as practicable, of the Assets and financial condition

4    of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

5        M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or

6    otherwise become party to any legal action in state, federal or foreign courts or arbitration

7    proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of

8    the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but

9    not limited to, actions challenging fraudulent or voidable transfers;

10        N.      Issue subpoenas to obtain Documents and records pertaining to the Receivership,

11    and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining

12    other discovery as set forth in this Order;

13        O.      Open one or more bank accounts at designated depositories for funds of the

14    Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such

15    designated accounts and shall make all payments and disbursements from the receivership estate

16    from such accounts.  The Receiver shall serve copies of monthly account statements on all

17    parties;

18        P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

19        Q.      Allow the Plaintiffs' representatives, agents, and assistants, as well as

20    Defendants' representatives, reasonable access to the premises of the Receivership Entities, or

21    any other premises where the Receivership Entities conduct business.  The purpose of this access

22    shall be to inspect and copy any and all books, records, Documents, accounts, and other property

23

24

owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall

have the discretion to determine the time, manner, and reasonable conditions of such access;

   R. Allow the Plaintiffs' representatives, agents, and assistants, as well as Corporate

Defendant and its representatives reasonable access to all Documents in the possession, custody,

or control of the Receivership Entities;

   S. Cooperate with reasonable requests for information or assistance from any state or

federal civil or criminal law enforcement agency;

   T. Suspend business operations of the Receivership Entities if in the judgment of the

Receiver such operations cannot be continued legally and profitably;

   U. If the Receiver identifies a nonparty entity as a Receivership Entity, promptly

notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's

determination by filing a motion with the Court.  Provided, however, that the Receiver may delay

providing such notice until the Receiver has established control of the nonparty entity and its

assets and records, if the Receiver determines that notice to the entity or the parties before the

Receiver establishes control over the entity may result in the destruction of records, dissipation

of Assets, or any other obstruction of the Receiver's control of the entity; and

   V. If in the Receiver's judgment the business operations cannot be continued legally

and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages

or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or

are modified for consumer education and/or informational purposes, and take all steps necessary

to ensure that any telephone numbers associated with the Receivership Entities cannot be

accessed by the public, or are answered solely to provide consumer education or information

regarding the status of operations.

### XIII.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Individual Defendant and any other Person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All Assets held by or for the benefit of the Receivership Entities;

B.      All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.      All Documents of or pertaining to the Receivership Entities;

D.      All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.      All Assets and Documents belonging to other Persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any Person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit

1  of Non-Compliance regarding the failure and a motion seeking compliance or a contempt

2  citation.

### XIV.    PROVISION OF INFORMATION TO RECEIVER

4  **IT IS FURTHER ORDERED** that Individual Defendant shall immediately provide to

5  the Receiver:

6      A.    A list of all Assets and accounts of the Receivership Entities that are held in any

7  name other than the name of a Receivership Entity, or by any Person or entity other than a

8  Receivership Entity;

9      B.    A list of all agents, employees, officers, attorneys, servants and those Persons in

10  active concert and participation with the Receivership Entities, or who have been associated or

11  done business with the Receivership Entities; and

12      C.    A description of any Documents covered by attorney-client privilege or attorney

13  work product, including files where such Documents are likely to be located, authors or

14  recipients of such Documents, and search terms likely to identify such electronic Documents.

### XV.    COOPERATION WITH THE RECEIVER

16  **IT IS FURTHER ORDERED** that Individual Defendant; Receivership Entities;

17  Individual Defendant's or Receivership Entities' officers, agents, employees, and attorneys, all

18  other Persons in active concert or participation with any of them, and any other Person with

19  possession, custody, or control of property of or records relating to the Receivership Entities who

20  receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This

21  cooperation and assistance shall include, but is not limited to, providing information to the

22  Receiver that the Receiver deems necessary to exercise the authority and discharge the

23  responsibilities of the Receiver under this Order; providing any keys, codes, user names and

24  passwords required to access any computers, electronic devices, mobile devices, and machines

(onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all Persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVI.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Individual Defendant; Receivership Entities; Individual Defendant's or Receivership Entities' officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.    Transacting any of the business of the Receivership Entities;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.    Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Individual Defendant, Individual Defendant's agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking

1    to establish or enforce any claim, right, or interest against or on behalf of Individual Defendant,

2    and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that

3    would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the

4    Receivership Entities, including, but not limited to:

5           A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code,

6    11 U.S.C. § 101, *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership

7    Entities;

8           B.     Commencing, prosecuting, or continuing a judicial, administrative, or other action

9    or proceeding against the Receivership Entities, including the issuance or employment of process

10    against the Receivership Entities, except that such actions may be commenced if necessary to toll

11    any applicable statute of limitations;

12           C.     Filing or enforcing any lien on any asset of the Receivership Entities, taking or

13    attempting to take possession, custody, or control of any Asset of the Receivership Entities; or

14    attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership

15    Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

16    Provided, however, that this Order does not stay: (1) the commencement or continuation of a

17    criminal action or proceeding; (2) the commencement or continuation of an action or proceeding

18    by a governmental unit to enforce such governmental unit's police or regulatory power; or (3)

19    the enforcement of a judgment, other than a money judgment, obtained in an action or

20    proceeding by a governmental unit to enforce such governmental unit's police or regulatory

21    power.

22                        **XVIII. COMPENSATION OF RECEIVER**

23    **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as

24    herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable

1    compensation for the performance of duties pursuant to this Order and for the cost of actual out-

2    of-pocket expenses incurred by them, from the Assets now held by, in the possession or control

3    of, or which may be received by, the Receivership Entities.  The Receiver shall file with the

4    Court and serve on the parties periodic requests for the payment of such reasonable

5    compensation, with the first such request filed no more than sixty (60) days after the date of

6    entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such

7    fee applications without prior approval of the Court.

8         **XIX.    IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS**

9    **IT IS FURTHER ORDERED** that:

10        A.      In order to allow Plaintiff and the Receiver to preserve Assets and evidence

11   relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their

12   representatives, agents, contractors, and assistants, shall have immediate access to the business

13   premises and storage facilities, owned, controlled, or used by the Receivership Entities.  Such

14   locations include, but are not limited to, any offsite location or commercial mailbox used by the

15   Receivership Entities.  The Receiver may exclude Defendants, Receivership Entities, and their

16   employees from the business premises during the immediate access.

17        B.      Any landlord, management office, security office, or any other Person that

18   controls access to any such business premises shall, immediately upon receiving notice of this

19   Order, cooperate with the Receiver and take whatever steps necessary to allow the Receiver

20   access to such business premises, and such Persons are prohibited from notifying any Defendant

21   of the existence of this Order or the Receiver's entry into the business premises until the

22   Receiver has notified such Persons in writing that the Receiver has secured such business

23   premises.

24

1       C.      Plaintiff and the Receiver, and their representatives, agents, contractors, and

2    assistants, are authorized to remove Documents from the Receivership Entities' premises in

3    order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed

4    materials to the Receiver within five (5) business days of completing inventorying and copying,

5    or such time as is agreed upon by Plaintiff and the Receiver;

6       D.      Plaintiff's access to the Receivership Entities' Documents pursuant to this Section

7    shall not provide grounds for any Defendant to object to any subsequent request for Documents

8    served by Plaintiff.

9       E.      Plaintiff and the Receiver, and their representatives, agents, contractors, and

10   assistants, are authorized to obtain the assistance of federal, state and local law enforcement

11   officers as they deem necessary to effect service and to implement peacefully the provisions of

12   this Order;

13      F.      If any Documents, computers, or electronic storage devices containing

14   information related to the business practices or finances of the Receivership Entities are at a

15   location other than those listed herein, including personal residence(s) of any Defendant, then,

16   immediately upon receiving notice of this order, Defendants and Receivership Entities shall

17   produce to the Receiver all such Documents, computers, and electronic storage devices, along

18   with any codes or passwords needed for access.  In order to prevent the destruction of computer

19   data, upon service of this Order, any such computers or electronic storage devices shall be

20   powered down in the normal course of the operating system used on such devices and shall not

21   be powered up or used until produced for copying and inspection; and

22      G.     If any communications or records of any Receivership Entity are stored with an

23   Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide

24

1    the Receiver with the username, passwords, and any other login credential needed to access the

2    communications and records, and shall not attempt to access, or cause a third-party to attempt to

3    access, the communications or records.

4               XX.    DISTRIBUTION OF ORDER BY INDIVIDUAL DEFENDANT

5           **IT IS FURTHER ORDERED** that Individual Defendant shall immediately provide a

6    copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign,

7    member, officer, director, employee, agent, independent contractor, client, attorney, spouse,

8    subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from

9    the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this

10   provision of the Order has been satisfied, which statement shall include the names, physical

11   addresses, phone number, and email addresses of each such Person or entity who received a copy

12   of the Order.  Furthermore, Individual Defendant shall not take any action that would encourage

13   officers, agents, members, directors, employees, salespersons, independent contractors,

14   attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in active concert

15   or participation with them to disregard this Order or believe that they are not bound by its

16   provisions.

17               XXI.   EXPEDITED DISCOVERY

18          **IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P.

19   26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff

20   and the Receiver are granted leave, at any time after service of this Order, to conduct limited

21   expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of

22   Individual Defendant's Assets; (2) the nature, location, and extent of Individual Defendant's

23   business transactions and operations; (3) Documents reflecting Individual Defendant's business

24

1    transactions and operations; or (4) compliance with this Order.  The limited expedited discovery

2    set forth in this Section shall proceed as follows:

3        A.    Plaintiff and the Receiver may take the deposition of parties and non-parties.

4    Forty-eight (48) hours' notice shall be sufficient notice for such depositions.  The limitations and

5    conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure

6    regarding subsequent depositions of an individual shall not apply to depositions taken pursuant

7    to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards

8    the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken

9    by telephone or other remote electronic means;

10        B.    Plaintiff and the Receiver may serve upon parties requests for production of

11    Documents or inspection that require production or inspection within five (5) days of service,

12    provided, however, that three (3) days of notice shall be deemed sufficient for the production of

13    any such Documents that are maintained or stored only in an electronic format.

14        C.    Plaintiff and the Receiver may serve upon parties interrogatories that require

15    response within five (5) days after Plaintiff serves such interrogatories;

16        D.    The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct

17    production or inspection within five (5) days of service.

18        E.    Service of discovery upon a party to this action, taken pursuant to this Section,

19    shall be sufficient if made by facsimile, email, or by overnight delivery.

20        F.    Any expedited discovery taken pursuant to this Section is in addition to, and is not

21    subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local

22    Rules of this Court.  The expedited discovery permitted by this Section does not require a

23

24

1    meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil

2    Procedure.

3                        **XXII.  SERVICE OF THIS ORDER**

4            **IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

5    including facsimile transmission, electronic mail or other electronic messaging, personal or

6    overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law

7    enforcement agency, or by private process server, upon Individual Defendant or any Person

8    (including any financial institution) that may have possession, custody or control of any Asset or

9    Document of Individual Defendant, or that may be subject to any provision of this Order

10   pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section,

11   service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the

12   entire entity.

13                   **XXIII. CORRESPONDENCE AND SERVICE ON PLAINTIFF**

14           **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

15   and service of pleadings on Plaintiff shall be addressed to:

16   John O'Gorman, 1999 Bryan Street, Suite 2150, Dallas, TX 75201, Phone Number: (202) 758-

17   7704, Fax Number: (214) 953-3079, Email Address: jogorman@ftc.gov.

18                      **XXIV. RETENTION OF JURISDICTION**

19           **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

20   all purposes.

21   IT IS SO ORDERED.

22                                                    _____

23                                                    UNITED STATES DISTRICT JUDGE

                                                     DATED:  December 19, 2024
24

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment A**

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | | |
|---|---|---|---|

| Current Address of Primary Residence | Driver's License No. | | State Issued |
|---|---|---|---|
| | Phone Numbers<br>Home: (    )<br>Fax:   (    ) | Date of Birth:    /    /<br>(mm/dd/yyyy)<br>Place of Birth | |

☐ Rent  ☐ Own        From (Date):    /    /
(mm/dd/yyyy)

E-Mail Address

Internet Home Page

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:    /    /<br>(mm/dd/yyyy)      Until:    /    /<br>(mm/dd/yyyy)<br><br>☐ Rent  ☐ Own |
|---|---|
| Address | From:    /    /      Until:    /    /<br><br>☐ Rent  ☐ Own |
| Address | From:    /    /      Until:    /    /<br><br>☐ Rent  ☐ Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(    ) | Place of Birth |
| | ☐ Rent  ☐ Own        From (Date):    /    /<br>(mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title |
|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>/    /<br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(    ) |
|---|---|

Initials: _____

**Attachment A**

## Item 5.  Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |

## Item 6.  Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

### ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand  $ | Form of Cash on Hand | | |
|---|---|---|---|
| b. Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10. Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
|  | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|  | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
|  | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|  | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

**Item 15. Pending Insurance Payments or Inheritances**
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|---|---|---|
| | $ | /  / |
| | $ | /  / |
| | $ | /  / |

**Item 16. Vehicles**
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

**Item 17. Other Personal Property**
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

**Item 18.  Real Property**
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) /  / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) /  / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

**Item 19.  Credit Cards**
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 20.  Taxes Payable**
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

### Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
|---|---|
| | |
| | Lender/Creditor's Relationship to You |

| Date Liability Was Incurred /  /  (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
|---|---|
| | |
| | Lender/Creditor's Relationship to You |

| Date Liability Was Incurred /  /  (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

### Item 22. Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Include any legal retainers being held on your behalf by legal counsel. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /  / | | | $ |
| | /  / | | | $ |
| | /  / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

### Item 23. Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties). For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /  / | |
| | | $ | /  / | |
| | | $ | /  / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

**Item 24.  Document Requests**
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

**Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

**Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents**
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

| Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | | Other Insurance Premiums | $ |
| Social Security Payments | $ | | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| **Total Income** | $ | | Total Expenses | $ |

## ATTACHMENTS

### Item 27.  Documents Attached to this Financial Statement
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

**Attachment A**

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

<u>Instructions</u>:

1.    Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.    The font size within each field will adjust automatically as you type to accommodate longer responses.

3.    In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.    When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.    Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.    Type or print legibly.

7.    An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

<u>Penalty for False Information</u>:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment B**

## BACKGROUND INFORMATION

**Item 1.**      **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**      **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**      **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Attachment B**

<u>**Item 4.**</u>          **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<u>Name & Address</u>                                                    <u>% Owned</u>

_____    _____

_____    _____

_____    _____

_____    _____


<u>**Item 5.**</u>          **Board Members**

List all members of the corporation's Board of Directors.

<u>Name & Address</u>                              <u>% Owned</u>  <u>Term (From/Until)</u>

_____    _____  _____

_____    _____  _____

_____    _____  _____

_____    _____  _____

_____    _____  _____


<u>**Item 6.**</u>          **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                                    <u>% Owned</u>

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____


Initials  _____

**Attachment B**

**Item 7.**      **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**      **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**      **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

**Attachment B**

**Item 10.**        **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.**        **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| | |
| | |
| | |
| | |

**Item 12.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |

**Attachment B**

<u>Item 13.</u>              **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

**Attachment B**

**Item 14.**          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit _____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit _____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit _____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit _____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit _____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit _____

_____Status_____

**Attachment B**

<u>**Item 15.**</u>        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>**Item 16.**</u>        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

<u>Owner's Name</u>        <u>Name & Address of Depository Institution</u>                            <u>Box No.</u>

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>**Item 17.**</u>        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| <u>Federal/<br>State/Both</u> | <u>Tax Year</u> | <u>Tax Due<br>Federal</u> | <u>Tax Paid<br>Federal</u> | <u>Tax Due<br>State</u> | <u>Tax Paid<br>State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| _____ | | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | | $_____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Attachment B**

**Item 18.**        **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

**Item 19.**        **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|--|----------------------|------------|-------------|-------------|
| Gross Revenue | $_____ | $_____ | $_____ | $_____ |
| Expenses | $_____ | $_____ | $_____ | $_____ |
| Net Profit After Taxes | $_____ | $_____ | $_____ | $_____ |
| Payables | $_____ | | | |
| Receivables | $_____ | | | |

**Item 20.**        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
| _____ | | | $_____ |
| _____ | | | $_____ |
| _____ | | | $_____ |
| _____ | | | $_____ |

Initials _____

**Attachment B**

**Item 21.**          **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____


**Item 22.**      **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Attachment B**

**Item 23.**       **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |

**Item 24.**       **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |

Initials _____

**Attachment B**

**Item 25.**     **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**     **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

**Attachment B**

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>                <u>Names of Authorized Users and Positions Held</u>

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Item 29.**        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Attachment B**

**Item 30.**          **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |

**Item 31.**          **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | | $_____ |
| _____ | | $_____ |
| _____ | | $_____ |
| _____ | | $_____ |
| _____ | | $_____ |

**Attachment B**

**Item 32.**          **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

     I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____

(Date)                                                                    Signature

 

                                                                     _____

                                                                     Corporate Position

Initials _____

**Attachment B**

Form **4506**

(January 2024)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▲ **Do not sign this form unless all applicable lines have been completed.**

▲ **Request may be rejected if the form is incomplete or illegible.**

▲ **For more information about Form 4506, visit *www.irs.gov/form4506*.**

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you request).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions).

**4** Previous address shown on the last return filed if different from line 3 (see instructions).

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▲ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

_____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____

_____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____    _____ / _____ / _____

**8** **Fee.** There is a $30 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order**

| | | | |
|---|---|---|---|
| **a** | Cost for each return . . . . . . . . . . . . . . . . . . . . | $ | 30.00 |
| **b** | Number of returns requested on line 7 . . . . . . . . . . | | |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . . | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been complete

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

| | |
|---|---|
| **Signature** (see instructions) | Date |
| Print/Type name | **Title** (if line 1a above is a corporation, partnership, estate, or trust) |
| **Spouse's signature** | Date |
| Print/Type name | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**    Cat. No. 41721E    Form **4506** (Rev. 1-2024)

**Attachment C**

Form 4506 (Rev. 1-2024)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506.*

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7,* have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
| --- | --- |
| Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Delaware, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

### Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
| --- | --- |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7,* are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form, 10 min.; Preparing the form, 16 min.; and Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

**Attachment C**

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____of _____, (City, State), do hereby direct any bank, saving and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls, or maintains custody of assets, wherever located, that are owned or controlled by me or at which there is an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of [         ], now pending in the United States District Court of [            ], and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect hereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated:_____    Signature:_____

Printed Name:_____

**Attachment D**