HOLLAND & KNIGHT LLP
Anjuli B. Woods, SBN #10989
1801 California Street, Suite 5000
Denver, CO 80202
Telephone: (303) 974-6660
Facsimile: (303) 974-6659
Email: anjuli.woods@hklaw.com

Andrew M. Cummings, SBN #14505
4675 MacArthur Court, Suite 900
Newport Beach, CA 92612
Telephone: (949) 833-8550
Facsimile:   (949) 833-8540
Email: andrew.cummings@hklaw.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>SUPERIOR SERVICING LLC, a limited liability company; and<br><br>DENNISE MERDJANIAN, aka Dennise Correa, individually and as managing member of SUPERIOR SERVICING LLC,<br><br>Defendants. | Case No. 24-CV-2163-GMN-MDC<br><br>**HOLLAND & KNIGHT LLP'S NOTICE OF MOTION AND EMERGENCY MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR NON-PARTIES STUDENT PROCESSING CENTER GROUP LLC AND SPCTWO LLC** |

# NOTICE OF MOTION AND EMERGENCY MOTION TO WITHDRAW AS COUNSEL

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD, please take note that, pursuant to Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of Nevada Rules of Professional Conduct, Holland & Knight LLP, counsel of record for non-parties Student Processing Center Group LLC and SPCTWO LLC (collectively "Non-Party SPCs") will, and hereby does, move for entry of an order granting Holland & Knight leave to withdraw as counsel of Non-Party SPCs in this case.

This Motion is based upon the Memorandum of Points and Authorities, Declaration of Andrew M. Cummings ("Cummings Declaration") filed concurrently herewith, and any oral argument that the Court may allow. The instant Motion is brought in good faith and not to hinder or delay the judicial process.

Date: December 23, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ *Andrew Cummings*

Anjuli B. Woods
Andrew M. Cummings

Attorneys for Non-Parties Student Processing Center Group LLC and SPCTWO LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Holland & Knight LLP ("H&K") was retained to represent the Non-Party SPC's with respect to a response to Plaintiff's Temporary Restraining Order and Motion for a Preliminary Injunction. The scope of the representation has ended. Anjuli B. Woods, a partner at Holland & Knight, informed the principals of Non-Party SPCs, David Hernandez and Eric Caldwell, of H&K's desire to withdraw as counsel of record. Non-Party SPCs do not object to H&K's withdrawal.

## II. LEGAL STANDARDS

District of Nevada Local Rule LR IA 11-6 governs attorney appearances, substitutions, and withdrawals. It states the following:

> LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS
> (a) A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney. An attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case, however, the court may hear a party in open court even though the party is represented by an attorney.
> (b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.
> (c) A stipulation to substitute attorneys must be signed by the attorneys and the represented client and be approved by the court. Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order.
> (d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.
> (e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

In addition, Rule 1.16 of the Nevada Rules of Professional Conduct governs the termination of representation. It states the following:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
    (1) The representation will result in violation of the Rules of Professional Conduct or other law;
    (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
    (3) The lawyer is discharged.
(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
    (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
    (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
    (3) The client has used the lawyer's services to perpetrate a crime or fraud;
    (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
    (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
    (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
    (7) Other good cause for withdrawal exists.
(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

## III. ARGUMENT

The Court should grant leave to withdraw because the legal standards for withdrawal are easily satisfied in this instance. First, with respect to LR IA 11-6(b), Holland & Knight has informed Non-Party SPCs of Holland & Knight's intent to withdraw as attorney of record in this matter. In addition, this motion has been served on all parties of record. Second, with respect to LR 11-6(e), no delay of discovery, trial, or any hearing in the case will result since Non-Party SPCs are not parties to this case, have no pending discovery deadlines, have withdrawn all opposition to the present Preliminary Injunction, and functionally have no further role in this case at this time. Third, with respect to Nevada Rule of Professional Conduct 1.16(b)(1),

adequate grounds for withdrawal exist because withdrawal can be accomplished without material adverse effect since Non-Party SPCs are not named in this case and therefore have deadlines that could be jeopardized or prejudiced upon Holland & Knight's withdrawal. Fourth, Rule 1.16(c) is satisfied because, through this motion, Holland & Knight is complying with the Court's rules and procedures for withdrawal. Fifth, Rule 1.16(d) is satisfied because, again, Non-Party SPCs have no further role in this case and thus there is no additional representation or need for replacement counsel at this time in this matter.

The contact information for Non-Party SPC's principals are as follows:

David Hernandez:

davidhernandez3991@gmail.com

910 Glendora Mountain Rd

Glendora, California 91741


Eric Caldwell

alwaysirish326@yahoo.com

110 Perspective

Irvine, California 92618

## IV.   CONCLUSION

For the foregoing reasons, Holland & Knight respectfully requests that the Court enter an order granting Holland & Knight leave to withdraw as counsel of record for Non-Party SPCs.

Date: December 23, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ *Andrew Cummings*

Anjuli B. Woods
Andrew M. Cummings

Attorneys for Non-Parties Student Processing Center Group LLC and SPCTWO LLC

IT IS SO ORDERED. The Court notes that the affected clients were served and that the motion was not opposed, so the Motion is granted per LR 7-2(d).

The Court cautions the non-parties for the record that entities cannot appear pro-se in court. "A corporation may appear in federal court only through licensed counsel." United States v. High Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993).

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 1-7-25

Holland & Knight LLP
1801 California Street, Suite 5000
Denver, CO 80202
Tel: 303.974.6660
Fax: 303.974.6659

6
EMERGENCY MOTION TO WITHDRAW AS COUNSEL FOR NON-PARTIES

**PROOF OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am a representative of HOLLAND & KNIGHT that on this 23rd day of December, 2024, I caused the foregoing

**HOLLAND & KNIGHT LLP'S NOTICE OF MOTION AND EMERGENCY MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR NON-PARTIES STUDENT PROCESSING CENTER GROUP LLC AND SPCTWO LLC**

to be served as follows:

■ By electronic service via CM/ECF to all parties appearing in this case in accordance with FRCP and District Court Local Rules:

☐ By First-Class United States Mail, postage prepaid upon the following Parties:

☐ By Personal Service upon the following parties or their Counsel:

■ By direct email upon the following Parties, for whom I did not receive, within a reasonable time indication that the transmission was unsuccessful:

☐ By fax or other means in accordance with FRCP 5(b)(2)(F) upon the following Parties, for which proof of successful transmission is attached hereto:

| | |
|---|---|
| John R. O'Gorman<br>Luis H Gallegos<br>Reid Abram Tepfer<br>Federal Trade Commission<br>1999 Bryan St., Suite 2150<br>Dallas, TX 75201<br>Attorneys for the Plaintiff | Jarrod L. Rickard<br>Semenza Rickard Law<br>10161 Park Run Dr., Ste 150<br>Las Vegas, NV 89145<br>Local Counsel for Receiver |
| Edward G. Fates<br>Alien Matkins Leck Gamble Mallory & Natsis LLP<br>600 West Broadway, 27th Floor<br>San Diego, California, 92101-0903<br>Pro Hac Vice Counsel for Receiver | R. CHRISTOPHER READE, ESQ.<br>Nevada Bar No. 006791<br>P. ROWLAND GRAFF, ESQ.<br>Nevada Bar No. 015050<br>CORY READE DOWS & SHAFER<br>1333 North Buffalo Drive, Suite 210<br>Las Vegas, Nevada 89128<br><br>Attorneys for Defendants<br>DENNISE MERDJANIAN |
| David Hernandez:<br>davidhernandez3991@gmail.com<br>910 Glendora Mountain Rd<br>Glendora, California 91741<br><br>Principal of Non-Party SPCs<br><br>(service via-email) | Eric Caldwell<br>alwaysirish326@yahoo.com<br>110 Perspective<br>Irvine, California 92618<br><br>Principal of Non-Party SPCs<br><br>(service via-email) |

/s/ Philip Dobbs
A Representative of
HOLLAND & KNIGHT