1    JOHN R. O'GORMAN
        Texas Bar No. 24121292; jogorman@ftc.gov
2    LUIS GALLEGOS
        Oklahoma Bar No. 19098; lgallegos@ftc.gov
3    REID TEPFER
        Texas Bar No. 24079444; rtepfer@ftc.gov

4
     Federal Trade Commission
5    1999 Bryan St., Suite 2150
     Dallas, TX 75201
6    Phone: (202) 758-7704 (O'Gorman)
     Fax: (214) 953-3079

7
     *Attorneys for Federal Trade Commission*

8
                        **UNITED STATES DISTRICT COURT**
9                            **DISTRICT OF NEVADA**

10

11    FEDERAL TRADE COMMISSION
                                              Case No. 24-cv-2163-GMN-MDC
12         Plaintiff,

13             v.

                                              **PLAINTIFF FTC'S MOTION FOR**
14    SUPERIOR SERVICING LLC, a limited liability    **LEAVE TO AMEND COMPLAINT**
      company; and
15
      DENNISE MERDJANIAN, aka Dennise Correa,
16    individually and as managing member of
      SUPERIOR SERVICING LLC,
17
           Defendants.
18

19          Plaintiff, Federal Trade Commission ("FTC"), respectfully moves this Court for leave to

20    file a First Amended Complaint for Permanent Injunction, Monetary Judgment, and Other Relief

21    ("Amended Complaint"), pursuant to FED. R. CIV. P. 15(a)(2) and LR 15-1, and in support states

22    as follows:

23
                                        Page 1 of 6
24

1    1.      This case concerns the defendants' deceptive marketing of student loan debt relief

2    services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales

3    Rule, 16 C.F.R. Part 310, Section 521 of the Gramm-Leach-Bliley Act, 15. U.S.C. § 6821, and

4    the FTC's Trade Regulation Rule on Impersonation of Government and Businesses, 16 C.F.R.

5    Part 461. The FTC seeks leave to file an Amended Complaint to ensure that the individuals and

6    entities involved in running the illegal scheme are held responsible.

7    2.      In the interest of justice, the FTC seeks to amend its complaint to name five

8    additional corporate entities and two additional individuals as defendants, all of which have been

9    involved in the same illegal operation alleged in the FTC's initial complaint (ECF No. 1). The

10   FTC seeks to add the corporate entities Sunrise Solutions USA LLC, Alumni Advantage LLC,

11   Student Processing Center Group LLC, SPCTWO LLC, and Accredit LLC (collectively

12   "Corporate Entities"), and individuals Eric Caldwell ("Caldwell") and David Hernandez

13   ("Hernandez").

14   3.      On November 18, 2024, the FTC filed its complaint (ECF No. 1) against one

15   Corporate Defendant, Superior Servicing LLC, and one Individual Defendant, Dennise

16   Merdjanian, for operating a deceptive student loan debt relief scheme.

17   4.      On November 22, 2024, this Court issued an *Ex Parte* Temporary Restraining

18   Order (ECF No. 9) against the defendants which, in part, halted defendants' illegal practices,

19   ordered an asset freeze, appointed a Receiver, and granted the Receiver and FTC immediate

20   access to the defendants' business premises to preserve assets and evidence.

21   5.      On December 19, 2024, this Court issued a Preliminary Injunction as to defendant

22   Dennise Merdjanian (ECF No. 42) ("Merdjanian Preliminary Injunction"), which, in part,

23   Page 2 of 6

24

1    extended the Court's appointment of the Receiver and named several entities as Receivership

2    Entities based on the findings of the Receiver.

3        6.      Each of the five additional Corporate Entities the FTC seeks to name as

4    defendants were identified as Receivership Entities in the Court's Merdjanian Preliminary

5    Injunction (ECF No. 42). Each has engaged in the same illegal conduct alleged in the initial

6    complaint. *See* First Interim Report of Receiver Krista Freitag (ECF No. 23) at 13-14

7    (identifying the Corporate Entities as "part of a student loan debt relief enterprise of affiliated

8    entities owned and controlled by Caldwell, Hernandez and Merdjanian").

9        7.      Each of the two additional individuals, Caldwell and Hernandez, that FTC seeks

10   to name have formulated, directed, controlled, had the authority to control, or participated in the

11   acts and practices of each Corporate Entity and Superior Servicing LLC, including the acts and

12   practices described in the initial complaint. *See id*.

13       8.      Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendments and

14   provides that the "court should freely give leave when justice so requires." *See* FED. R. CIV. P.

15   15(a)(2); *see also Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 525 F. Supp. 3d 1269, 1278

16   (D. Nev. 2021). "Five factors are taken into account to assess the propriety of a motion for leave

17   to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

18   whether the plaintiff has previously amended the complaint." *Woodburn v. City of Henderson*,

19   No. 2:19-cv-01488-JAD-VCF, 2021 U.S. Dist. LEXIS 116299, at *2 (D. Nev. June 21, 2021)

20   (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

21       9.      Justice requires that each of the individuals and entities responsible for the

22   violations alleged in the initial complaint are subject to the injunctive, monetary, and other relief

23

Page 3 of 6

24

1    sought by the FTC. The individuals involved in this enterprise used a series of shell companies

2    the perpetuate their scheme, evade accountability, and funnel consumers' money into their

3    pockets. The inclusion of Caldwell and Hernandez will ensure that the responsible parties are

4    prevented from reinitiating their illegal conduct through a new entity. The inclusion of the

5    Corporate Entities, Caldwell, and Hernandez will increase the FTC's ability to return money to

6    harmed consumers.

7         10.    The FTC brings this motion in good faith and without undue delay. The FTC did

8    not name the additional defendants in its initial complaint because it was unable to ascertain their

9    involvement—a result of their efforts to evade accountability. *See* First Interim Report of

10    Receiver Krista Freitag (ECF No. 23) at 12-13 (describing apparent efforts to "create the

11    appearance of separation" between the individuals and the enterprise). However, with the

12    evidence collected under the provisions of the Court's Temporary Restraining Order and

13    Preliminary Injunctions, the FTC now has the evidence necessary to clearly establish the

14    involvement of each defendant in the scheme.

15         11.    The addition of new Corporate Entities, Caldwell, and Hernandez at this early

16    stage of litigation, before significant briefing or discovery has commenced, will not prejudice the

17    defendants named in the initial complaint.

18         12.    The filing of an Amended Complaint is also proper as it is unlikely to be futile.

19    Ample evidence gathered following the Court's Temporary Restraining Order supports the

20    FTC's allegations against all defendants. Further, the Court has already found that the FTC is

21    likely to prevail on its claims based on its entry of the Preliminary Injunctions. Moreover, the

22

23

24

1    Court specifically identified the Corporate Entities as proper receivership entities in the

2    Merdjanian Preliminary Injunction.

3         13.    Finally, granting leave is appropriate because the FTC has not previously

4    amended its complaint and does not anticipate amending its complaint again.

5         For the foregoing reasons, the FTC respectfully requests that the Court grant it leave to

6    file the attached First Amended Complaint for Permanent Injunction, Monetary Judgment, and

7    Other Relief.

8

9                                             Respectfully submitted,

10   Dated:  February 27, 2025                 _/s/ John R. O'Gorman_____
                                              JOHN R. O'GORMAN
11                                            Texas Bar No. 24121292
                                              LUIS GALLEGOS
12                                            Oklahoma Bar No. 19098
                                              REID TEPFER
13                                            Texas Bar No. 24079444
                                              Federal Trade Commission
14                                            1999 Bryan St., Suite 2150
                                              Dallas, TX 75201
15                                            (202) 758-7704 (O'Gorman)
                                              (214) 979-9383 (Gallegos)
16                                            (214) 979-9395 (Tepfer)
                                              jogorman@ftc.gov
17                                            lgallegos@ftc.gov
                                              rtepfer@ftc.gov
18
                                              Attorneys for Plaintiff
19                                            FEDERAL TRADE COMMISSION

20

21

22

23
                                    Page 5 of 6
24

1

<u>CERTIFICATE OF SERVICE</u>

2

I, John R. O'Gorman, hereby certify that I effected service on all parties by electronically

3

filing the foregoing with the Court using CM/ECF.

4

Dated:  February 27, 2025                    */s/ John R. O'Gorman*

5
JOHN R. O'GORMAN
Attorney for Plaintiff

6
Federal Trade Commission

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24