1  LUIS GALLEGOS
      Oklahoma Bar No. 19098; lgallegos@ftc.gov
2  REID TEPFER
      Texas Bar No. 24079444; rtepfer@ftc.gov
3
   Federal Trade Commission
4  1999 Bryan St., Suite 2150
   Dallas, TX 75201
5  Phone: (214) 979-9383 (Gallegos)
   Fax: (214) 953-3079
6
   *Attorneys for Federal Trade Commission*
7
                    **UNITED STATES DISTRICT COURT**
8                       **DISTRICT OF NEVADA**
9

10  FEDERAL TRADE COMMISSION

                                              Case No. 24-cv-2163-GMN-MDC
11      Plaintiff,

12          v.

13  SUPERIOR SERVICING LLC, a limited liability     **STIPULATED ORDER FOR**
    company;                                        **PERMANENT INJUNCTION,**
                                                    **MONETARY JUDGMENT, AND**
14                                                  **OTHER RELIEF AS TO**
    SUNRISE SOLUTIONS USA LLC, a limited            **DEFENDANT DAVID HERNANDEZ**
15  liability company;

16  ALUMNI ADVANTAGE LLC, a limited liability
    company;

17
    STUDENT PROCESSING CENTER GROUP LLC,
18  a limited liability company;

19  SPCTWO LLC, a limited liability company;

20  ACCREDIT LLC, a limited liability company;

21  DENNISE MERDJANIAN, aka Dennise Correa,
    individually and as managing member of
22  SUPERIOR SERVICING LLC,

23  ERIC CALDWELL, individually and as owner,
    officer, or manager of SUPERIOR SERVICING
24  LLC, SUNRISE SOLUTIONS USA LLC,

1
2
3
4
5
6
7

ALUMNI ADVANTAGE LLC, STUDENT
PROCESSING CENTER GROUP LLC, SPCTWO
LLC, and ACCREDIT LLC; and

DAVID HERNANDEZ, individually and as owner,
officer, or manager of SUPERIOR SERVICING
LLC, SUNRISE SOLUTIONS USA LLC,
ALUMNI ADVANTAGE LLC, STUDENT
PROCESSING CENTER GROUP LLC, SPCTWO
LLC, and ACCREDIT LLC,

Defendants.

8
9
10
11
12
13
14
15
16
17
18

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for

Permanent Injunction, Monetary Judgment, and Other Relief, subsequently amended as First

Amended Complaint for Permanent Injunction, Monetary Judgment, and Other Relief, as

amended ("Complaint"), for a permanent injunction, monetary relief, and other relief pursuant to

Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) &

57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act

("Telemarketing Act"), 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act

("GLB Act"), 15 U.S.C. § 6822(a). The Commission and Settling Defendant David Hernandez

stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and

Other Relief as to Defendant David Hernandez ("Order") to resolve all matters in dispute in this

action between them.

19

THEREFORE, IT IS ORDERED as follows:

20

**FINDINGS**

21

1.      This Court has jurisdiction over this matter.

22

2.      The Complaint charges that Defendants participated in deceptive acts or practices

23

in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Telemarketing Sales Rule ("TSR"),

24

16 C.F.R. Part 310, Section 521 of the GLB Act, 15 U.S.C. § 6821, and the FTC's Trade

1  Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16

2  C.F.R. Part 461, in connection with Defendants' marketing and sale of student loan debt relief

3  services.

4        3.      Settling Defendant neither admits nor denies any of the allegations in the

5  Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling

6  Defendant admits the facts necessary to establish jurisdiction.

7        4.      Settling Defendant and his wife, Vanessa Marie Fredricksen ("Fredricksen"),

8  waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412,

9  concerning the prosecution of this action through the date of this Order, and agree to bear their

10  own costs and attorney fees.

11        5.      Settling Defendant, Fredricksen, and the Commission waive all rights to appeal or

12  otherwise challenge or contest the validity of this Order.

13  **DEFINITIONS**

14  For purposes of this Order, the following definitions shall apply:

15  A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any

16  property, wherever located and by whomever held, whether tangible, intangible, digital,

17  intellectual property, or otherwise.

18  B.     "**Assisting Others**" includes:

19        1.      Performing customer service functions, including receiving or responding

20  to consumer complaints;

21        2.      Formulating or providing, or arranging for the formulation or provision of,

22  any advertising or marketing material, including any telephone sales script, direct mail

23  solicitation, or the design, text, or use of images of any Internet website, email, or other

24  electronic communication;

Page 3 of 27

3. Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4. Providing names of, or assisting in the generation of, potential customers;

5. Performing marketing, billing, payment processing, or payment services of any kind; or

6. Acting or serving as an owner, officer, director, manager, or principal of any entity.

C. **"Clearly and Conspicuously"** means that a required disclosure is easily noticeable (*i.e.*, difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

1              4.       In any communication using an interactive electronic medium, such as the

2    Internet or software, the disclosure must be unavoidable.

3              5.       The disclosure must use diction and syntax understandable to reasonable

4    consumers and must appear in each language in which the representation that requires the

5    disclosure appears.

6              6.       The disclosure must comply with these requirements in each medium

7    through which it is received, including all electronic devices and face-to-face

8    communications.

9              7.       The disclosure must not be contradicted or mitigated by, or inconsistent

10    with, anything else in the communication.

11              8.       When the representation or sales practice targets a specific audience, such

12    as children, the elderly, or the terminally ill, "reasonable consumers" includes members

13    of that group.

14    D.      **"Consumer"** means any Person.

15    E.      **"Defendants"** means all of the Individual Defendants and the Corporate

16    Defendants, individually, collectively, or in any combination.

17              1.       **"Corporate Defendants"** means Superior Servicing LLC, Sunrise

18    Solutions USA, LLC, Alumni Advantage LLC, Student Processing Center Group LLC,

19    SPCTWO LLC, Accredit LLC and their successors and assigns.

20              2.       **"Individual Defendants"** means Dennise Merdjanian, Eric Caldwell, and

21    David Hernandez.

22    F.      **"Person"** means a natural person, an organization, or other legal entity, including

23    a corporation, partnership, sole proprietorship, limited liability company, association,

24    cooperative, or any other group or combination acting as an entity.

1   G.  "**Receiver**" means Krista Freitag, the Court-appointed Receiver in this case.

2   H.  "**Receivership Entities**" means Corporate Defendants, as well as any other entity

3 that has conducted any business related to Defendants' student loan debt relief services business,

4 including receipt of assets derived from any activity that is the subject of the Complaint in this

5 matter, and which the Receiver has reason to believe is owned or controlled in whole or in part

6 by any Defendant, including, but not limited to, Superior Servicing LLC, Accredit, LLC, Sunrise

7 Solutions USA, LLC, Alumni Advantage, LLC, Student Processing Center Group, LLC,

8 SPCTWO, LLC, Gold West Financial, LLC, DM Financial, LLC, LJC Music National LLC,

9 South Coast Services, LLC, Business Done Right Inc., ET&C Holdings, LLC, Capital Servicing,

10 LLC, Cornerstone Doc Prep, Inc., Amerifed Doc Prep, LLC, Amerifed Servicing, Inc.,

11 Scholastic Solutions LLC, and First Clover Capital, Inc.

12   I. **"Settling Defendant"** means David Hernandez.

13   J. "**Secured or Unsecured Debt Relief Product or Service**" means:

14    1.  With respect to any mortgage, loan, debt, or obligation between a Person

15  and one or more secured or unsecured creditors or debt collectors, any product, service,

16  plan, or program represented, expressly or by implication, to:

17    a.  stop, prevent, or postpone any mortgage or deed of foreclosure sale

18   for a Person's dwelling, any other sale of collateral, any repossession of a

19   Person's dwelling or other collateral, or otherwise save a Person's dwelling or

20   other collateral from foreclosure or repossession;

21    b.  negotiate, obtain, or arrange a modification, or renegotiate, settle,

22   reduce, or in any way alter any terms of the mortgage, loan, debt, or obligation,

23   including a reduction in the amount of interest, principal balance, monthly

24

1        payments, or fees owed by a Person to a secured or unsecured creditor or debt

2        collector;

3                c.     obtain any forbearance or modification in the timing of payments

4        from any secured or unsecured holder or servicer of any mortgage, loan, debt, or

5        obligation;

6                d.     negotiate, obtain, or arrange any extension of the period of time

7        within which a Person may (i) cure his or her default on the mortgage, loan, debt,

8        or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation,

9        (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate

10        the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

11                e.     obtain any waiver of an acceleration clause or balloon payment

12        contained in any promissory note or contract secured by any dwelling or other

13        collateral; or

14                f.     negotiate, obtain, or arrange (i) a short sale of a dwelling or other

15        collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a

16        mortgage, loan, debt, or obligation other than a sale to a third party that is not the

17        secured or unsecured loan holder;

18  The foregoing shall include any manner of claimed assistance, including auditing or examining a

19  Person's application for the mortgage, loan, debt, or obligation.

20        2.     With respect to any loan, debt, or obligation between a Person and one or

21  more unsecured creditors or debt collectors, any product, service, plan, or program

22  represented, expressly or by implication, to:

23                a.     repay one or more unsecured loans, debts, or obligations; or

24

1                      b.       combine unsecured loans, debts, or obligations into one or more

2                new loans, debts, or obligations.

3        K.      "**Telemarketing**" means any plan, program, or campaign which is conducted to

4  induce the purchase of goods or services or a charitable contribution, by use of one or more

5  telephones and which involves more than one interstate telephone call, whether or not covered

6  the Telemarketing Sales Rule.

7                                              **ORDER**

8        **I.**     **BAN ON SECURED OR UNSECURED DEBT RELIEF PRODUCTS OR SERVICES**

9

10        IT IS ORDERED that Settling Defendant, whether acting directly or through an

intermediary, is permanently restrained and enjoined from:

11

12        A.      Advertising, marketing, promoting, offering for sale, or selling any Secured or

13  Unsecured Debt Relief Product or Service; and

14        B.      Assisting others in the advertising, marketing, promoting, offering for sale, or

15  selling any Secured or Unsecured Debt Relief Product or Service.

16          **II.**    **PROHIBITED TELEMARKETING PRACTICES**

17        IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers,

18  agents, employees, and attorneys, and all other Persons in active concert or participation with

19  any of them, who receive actual notice of this Order, whether acting directly or indirectly, in

20  connection with Telemarketing, are permanently restrained and enjoined from violating, or

21  Assisting Others in violating, the Telemarketing Sales Rule, 16 C.F.R Part 310, a copy of which

22  is attached as Attachment A.

23

24

1

### III.     PROHIBITED BUSINESS ACTIVITIES

2       IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers,

3 agents, employees, and attorneys, and all other Persons in active concert or participation with

4 any of them, who receive actual notice of this Order, whether acting directly or indirectly, in

5 connection with advertising, marketing, promoting, distributing, servicing, offering, or selling

6 any product or service are permanently restrained and enjoined from engaging in, or assisting

7 others engaged in, the following:

8       A.     Misrepresenting, expressly or by implication:

9         1.   Any material aspect of the nature or terms of any refund, cancellation,

10 exchange, or repurchase policy, including the likelihood of a Consumer obtaining a

11 full or partial refund, or the circumstances in which a full or partial refund will be

12 granted to the Consumer;

13         2.   The nature, expertise, position, or job title of any Person who provides any

14 product, service, plan, or program;

15         3.   The ability to improve or otherwise affect a Consumer's credit record,

16 credit history, credit rating, or ability to obtain credit, including that a Consumer's

17 credit record, credit history, credit rating, or ability to obtain credit can be improved

18 by permanently removing negative information from the Consumer's credit record or

19 history even where such information is accurate and not obsolete;

20         4.   That a Consumer will save money;

21         5.   Any benefit of such product or service;

22         6.   Any requirements for obtaining such product or service;

23         7.   The existence, amount, or timing of any fees or charges, or the total cost to

24 purchase, receive, or use such product or service; or

8.   Any other fact material to Consumers concerning any product or service, such as: the total costs; any material restrictions, limitations, or conditions to purchase, receive, or use such product or service; or any material aspect of the performance, efficacy, nature, or central characteristics of such product or service.

B.     Failing to disclose Clearly and Conspicuously the fact, if true, that a Consumer must activate, request, initiate, or otherwise take some affirmative action in order to receive or use such product or service; or

C.     Making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, including that, at the time such representation is made, Settling Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## IV.   INJUNCTION RELATING TO IMPERSONATING ANY GOVERNMENT ENTITY OR PERSON

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, promoting, distributing, servicing, offering, or selling any product or service, are hereby permanently restrained and enjoined from:

A.     Misrepresenting or assisting others in misrepresenting, expressly or by implication, that any Person is affiliated with, endorsed, sponsored by, or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program; and

1        B.     Violating the FTC's Impersonation Rule, 16 C.F.R. Part 461, a copy of which is

2   attached as Attachment B.

3        **V.     INJUNCTION RELATING TO CONSUMER FINANCIAL INFORMATION**

4        IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers,

5   agents, employees, and attorneys, and all other Persons in active concert or participation with

6   any of them, who receive actual notice of this Order, whether acting directly or indirectly, are

7   hereby permanently restrained and enjoined from:

8        A.     Making any false, fictitious, or fraudulent statement or representation to any

9   Person to obtain or attempt to obtain information of a Consumer, including, but not limited to,

10   credit or debit card numbers, bank account numbers and routing numbers, and consumer credit

11   reports; or

12        B.     Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827,

13   a copy of which is attached as Attachment C.

14        **VI.     CONTINUATION OF RECEIVERSHIP**

15        IT IS FURTHER ORDERED that Krista Freitag shall continue as a permanent receiver over

16   the Receivership Entities with full powers of a permanent receiver, including those powers set

17   forth in the Preliminary Injunctions entered on December 6th and 19th, 2024 (ECF Nos. 30 and

18   42), and including full liquidation powers.  Upon termination of the receivership and final

19   payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to

20   the Commission or its designated agent all remaining Assets in the receivership estate.

21        **VII.     MONETARY JUDGMENT AND PARTIAL SUSPENSION**

22        IT IS FURTHER ORDERED that:

23        A.     Judgment in the amount of **FOURTY-FIVE MILLION NINE HUNDRED**

24   **FIFTY NINE THOUSAND AND TWELVE AND 69/100 Dollars, ($45,959,012.69)** is

1    entered in favor of the Commission against Settling Defendant, jointly and severally with any

2    other Defendant to the extent subsequently ordered, as monetary relief.

3         B.      Settling Defendant is ordered to pay to the Commission **ONE HUNDRED AND**

4    **EIGHT THOUSAND NINE HUNDRED AND THIRTEEN Dollars $108,913.00**, which, as

5    Settling Defendant stipulates, the Receiver holds in escrow for no purpose other than payment to

6    the Commission. Such payment must be made within 7 days of entry of this Order by electronic

7    fund transfer in accordance with instructions provided by a representative of the Commission.

8         C.      Settling Defendant, immediately upon entry of this Order, to the extent he has not

9    already done so, is ordered to take all necessary steps to surrender to the Receiver all his control,

10    title, dominion, and interest, whether held directly or indirectly, in the following Assets:

11              1.   On behalf of Business Done Right LLC:

12                        a.   Monies held in or obtained from Business Done Right,

13                             LLC's Banner bank account ending 8416;

14                        b.   Monies held in or obtained from Business Done Right,

15                             LLC's Charles Schwab account ending 1450;

16                        c.   Monies held in or obtained from Business Done Right,

17                             LLC's Charles Schwab account ending 9210;

18                        d.   Monies held in or obtained from Business Done Right,

19                             LLC's Pacific Life Insurance account ending 9270;

20                        e.   The debt owed by Elhamy Yousseff to Business Done Right;

21                             and

22                        f.   The real property located at 10591 Bent Tree Road, Santa

23                             Ana, California 92705 [APN 104-290-16] titled in the name

24                             of Business Done Right LLC;

2.  On behalf of Goldwest Financial LLC, monies held in or obtained from the Banner bank account ending 3020;

3.  Any Asset of the Receivership Entities or purchased with Receivership Entity funds, including but not limited to investments or loans paid or made using funds from Receivership Entities in which Settling Defendant has or had any ownership interest, whether such Asset was documented in writing or not. Settling Defendant shall fully and in good faith cooperate and assist the Receiver in recovering any Asset transferred to third parties if the Receiver notifies Settling Defendant in writing she has determined that such Asset is recoverable or such Asset was transferred without reasonably equivalent value being received in exchange;

D.  Settling Defendant and Fredricksen:

1.  upon written notice to do so from the Receiver, to the extent they have not already done so, are ordered to take all steps necessary to transfer to the Receiver all control, rights, title, dominion, and interest, whether held directly or indirectly, in the real property located at 5814 E. Bryce Avenue, Orange, California 92867 [APN 370-183-06] ("Bryce Property") for liquidation. Settling Defendant and Fredricksen represent and warrant that they are the sole owners of the Bryce Property. Settling Defendant and Fredricksen represent and warrant that they have not encumbered the property with any lien, mortgage, deed of trust, assignment, pledge, security interest, obligation, or other interest, except for those disclosed in the sworn financial statements submitted to the Commission identified below in Subsection F of this Section. Settling Defendant and Fredricksen are ordered to cooperate fully and in good faith with the Receiver in

1              connection with the Receiver's efforts to liquidate the Bryce Property including,

2              but not limited to: making themselves available to the Receiver; delivering all

3              documents, records, and files relating to the Bryce Property requested by the

4              Receiver; executing consents to authorize the Receiver to communicate with and

5              transact with any banks or financial institutions holding or asserting

6              encumbrances and liens against the Bryce Property; procuring the signatures of

7              any person or entity under their control as requested by the Receiver; and signing

8              any documents necessary to transfer ownership, release encumbrances or liens, or

9              otherwise requested by the Receiver.  If requested to execute documents, Settling

10             Defendant and Fredricksen each shall execute and return such documents within

11             three days of a request by the Receiver.

12       2.   If the Receiver provides written notice to Settling Defendant and Fredricksen that

13             she will not take title to and liquidate the Bryce Property, Settling Defendant and

14             Fredricksen are ordered to take all necessary steps to liquidate the Bryce Property,

15             whether through an arm's length sale at their own expense or by allowing a

16             foreclosure action to proceed.  Settling Defendant and Fredricksen are ordered to

17             initiate such steps with 7 days of receiving such notice.  Time is of the essence for

18             such liquidation.  Settling Defendant and Fredricksen are ordered to pay to the

19             Commission all proceeds due to them from such liquidation by electronic fund

20             transfer in accordance with instructions to be provided by a representative of the

21             Commission.  Settling Defendant and Fredricksen are ordered to forward to the

22             Commission all documentation of such liquidation in accordance with instructions

23             to be provided by a representative of the Commission.

24

3.    The Receiver shall determine whether to proceed under Subsection VII.D.1 or

VII.D.2 above and shall provide written notice to Settling Defendant and

Fredricksen accordingly within 60 days of entry of the Order.

4.    The Receiver may, at any point after having provided the notice required under

Subsection (D)(3) of this Section, turn the property over to the mortgagor for a

foreclosure action to proceed if she determines that she is unable to sell the Bryce

Property for a sufficient amount to cover the amount owed on the loan and the

expenses associated with the sale of the Bryce Property.  Settling Defendant and

Fredricksen are ordered to pay to the Commission all proceeds due to them from

such foreclosure action by electronic fund transfer in accordance with instructions

to be provided by a representative of the Commission.  Settling Defendant and

Fredricksen are ordered to forward to the Commission all documentation of such

foreclosure action in accordance with instructions to be provided by a

representative of the Commission.

E.    Upon such payments, releases, and surrenders, specified in Subsections B, C, and

D of this Section, the remainder of the judgment is suspended, subject to the Subsections below.

F.    The Commission's agreement to the suspension of part of the judgment is

expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendant's

sworn financial statements and related documents (collectively, "financial representations")

submitted to the Commission, namely:

1.    the Financial Statements of Individual Defendant David Hernandez signed

or submitted on January 24, 2025, March 11, 2025, April 15, 2025, and June 26, 2025,

including attachments and supplemental materials;

1          2.       the Financial Statement of Business Done Right Inc. signed on March 10,

2     2025, including any attachments and supplemental materials;

3          3.       the Financial Statement of Gold West Financial LLC signed on March 10,

4     2025, including any attachments;

5          4.       the Financial Statement of SPCTWO LLC signed on March 10, 2025,

6     including any attachments;

7          5.       the Financial Statement of Accredit LLC signed on March 10, 2025,

8     including any attachments;

9          6.       the Financial Statement of Student Processing Center LLC signed on

10    March 10, 2025, including any attachments; and

11         7.       the Financial Statement of Family Comes First LLC signed on April 7,

12    2025, including any attachments;

13    G.    The suspension of the judgment will be lifted as to Settling Defendant if, upon

14    motion by the Commission, the Court finds that Settling Defendant failed to disclose any

15    material asset, materially misstated the value of any asset, or made any other material

16    misstatement or omission in the financial representations identified above.

17    H.    If the suspension of the judgment is lifted, the judgment becomes immediately

18    due as to Settling Defendant in the amount specified in Subsection VII.A above (which the

19    parties stipulate only for purposes of this Section represents the consumer injury alleged in the

20    Complaint), less any payment previously made pursuant to this Section, plus interest computed

21    from the date of entry of this Order.

22    I.    Settling Defendant and Fredricksen relinquish dominion and all legal and

23    equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek

24    the return of any assets.

1    J.     The Receiver shall liquidate all Assets identified in Subsections C and D and

2    transferred to the Receiver pursuant to this Order. After payment to the Receiver of any expenses

3    related to the sale of the Asset identified in Subsection D, all proceeds from the liquidation of

4    that Asset shall be paid to the Commission. Except as specified below, all monies collected

5    pursuant to the sale of the Assets identified in Subsection C shall be deposited into the

6    receivership estate and disbursed in accordance with Section VI of this Order.  The Receiver is

7    excused from the requirements of 28 U.S.C. §§ 2001 and 2004 in connection with any pending

8    or contemplated sale by the Receiver. With respect to the Assets identified in Subsections

9    C(1)(b) and (c) of this Section, the Receiver shall withhold $83,810 for the sole purpose of

10   paying any applicable federal and state income taxes owed by Settling Defendant as a result of

11   the early withdrawal of funds from those accounts. By March 1, 2026, Settling Defendant must

12   provide the Receiver with documents prepared by a certified public accountant which reflect the

13   amount of applicable federal and state income taxes owed by Settling Defendant as a result of the

14   early withdrawal of the monies from the accounts identified in Subsections C(1)(b) and (c) of

15   this Section. Any remaining funds not used to pay applicable federal and state income taxes

16   owed by Settling Defendant from the withheld $83,810 shall be deposited into the receivership

17   estate and disbursed in accordance with Section VI of this Order.

18   K.     Any entity or person, including Settling Defendant or any financial institution

19   holding Settling Defendant's Assets and the Assets identified in Subsections C and D of this

20   Section, are ordered to transfer those Assets to the Commission or Receiver, in accordance with

21   instructions provided by a representative of the Commission or Receiver, within seven days of

22   receiving notice of this Order.

23   L.     The facts alleged in the Complaint will be taken as true, without further proof, in

24   any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

1    enforce its rights to any payment or monetary judgment pursuant to this Order, such as a

2    nondischargeability complaint in any bankruptcy case.

3           M.     The facts alleged in the Complaint establish all elements necessary to sustain an

4    action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

5    § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

6           N.     Settling Defendant acknowledges that Settling Defendant's Employer

7    Identification Number, Social Security number, or Taxpayer Identification Number ("TIN"),

8    including all TINs that Settling Defendant previously provided, may be used by the Commission

9    for reporting and lawful purposes, including collecting on any delinquent amount arising out of

10    this Order in accordance with 31 U.S.C. § 7701.

11           O.     All money received by the Commission pursuant to this Order may be deposited

12    into a fund administered by the Commission or its designee to be used for consumer relief, such

13    as redress and any attendant expenses for the administration of any redress fund.  If a

14    representative of the Commission decides that direct redress to consumers is wholly or partially

15    impracticable or money remains after such redress is completed, the Commission may apply any

16    remaining money for such related relief (including consumer information remedies) as it

17    determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any

18    money not used for such relief is to be deposited to the U.S. Treasury.  Settling Defendant has no

19    right to challenge any actions the Commission or its representatives may take pursuant to this

20    Subsection.

21           P.     The asset freeze is modified to permit the transfers and liquidations identified in

22    this Section.  Upon completion of those transfers and liquidations, the asset freeze as to Settling

23    Defendant is dissolved.

24

1

## VIII.    CUSTOMER INFORMATION

2       IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers,

3   agents, employees, and attorneys, and all other Persons in active concert or participation with

4   any of them, who receive actual notice of this Order are permanently restrained and enjoined

5   from directly or indirectly:

6       A.      failing to provide sufficient customer information to enable the Commission to

7   efficiently administer consumer redress.  If a representative of the Commission requests in

8   writing any information related to redress, Settling Defendant must provide it, in the form

9   prescribed by the Commission, within 14 days;

10      B.      disclosing, using, or benefitting from customer information, including the name,

11  address, telephone number, email address, Social Security number, FSA ID, other identifying

12  information, or any data that enables access to a customer's account (including a credit card,

13  bank account, or other financial account), that Settling Defendant obtained prior to entry of this

14  Order in connection with the marketing and sale of Secured or Unsecured Debt Relief Product or

15  Service; and

16      C.      failing to destroy such customer information in all forms in their possession,

17  custody, or control within 30 days after receipt of written direction to do so from a representative

18  of the Commission.

19  Provided, however, that customer information need not be disposed of, and may be disclosed, to

20  the extent requested by a government agency or required by law, regulation, or court order.

21

## IX.    COOPERATION

22      IT IS FURTHER ORDERED that Settling Defendant must fully cooperate with

23  representatives of the Commission in this case and in any investigation related to or associated

24  with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendant

1    must provide truthful and complete information, evidence, and testimony.  Settling Defendant

2    must appear, and Settling Defendant must cause their officers, employees, representatives, or

3    agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a

4    Commission representative may reasonably request upon 14 days written notice, or other

5    reasonable notice, at such places and times as a Commission representative may designate,

6    without the service of a subpoena.

7    <center>**X.    ORDER ACKNOWLEDGMENTS**</center>

8        **IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of

9    receipt of this Order:

10        A.    Settling Defendant, within 7 days of entry of this Order, must submit to the

11    Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

12        B.    For 5 years after entry of this Order, Settling Defendant for any business that such

13    Settling Defendant, individually or collectively with any other Defendant, is the majority owner

14    or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers,

15    directors, and LLC managers and members; (2) all employees having managerial responsibilities

16    for conduct related to the subject matter of the Order and all agents and representatives who

17    participate in conduct related to the subject matter of the Order; and (3) any business entity

18    resulting from any change in structure as set forth in the Section titled Compliance Reporting.

19    Delivery must occur within 7 days of entry of this Order for current personnel.  For all others,

20    delivery must occur before they assume their responsibilities.

21        C.    From each individual or entity to which Settling Defendant delivered a copy of

22    this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment

23    of receipt of this Order.

24

# XI.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

A.    One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.  Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Settling Defendant; (b) identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.  Additionally, Settling Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest; and (c) describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, Settling Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

1    E.    Unless otherwise directed by a Commission representative in writing, all

2  submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

3  sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement,

4  Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

5  Washington, DC 20580.  The subject line must begin:  FTC v. Superior Servicing, et al., Matter

6  No. X250009.

7                              **XII.    RECORDKEEPING**

8    IT IS FURTHER ORDERED that Settling Defendant must create certain records for 20

9  years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling

10  Defendant, for any business that Settling Defendant, individually or collectively with any other

11  Defendants, is a majority owner or controls directly or indirectly, must create and retain the

12  following records:

13    A.    accounting records showing the revenues from all goods or services sold;

14    B.    personnel records showing, for each Person providing services, whether as an

15  employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position;

16  dates of service; and (if applicable) the reason for termination;

17    C.    records of all consumer complaints and refund requests, whether received directly

18  or indirectly, such as through a third party, and any response;

19    D.    all records necessary to demonstrate full compliance with each provision of this

20  Order, including all submissions to the Commission;

21    E.    a copy of each unique advertisement or other marketing material.

22    F.    copies of all contracts and communications with vendors providing print or mail

23  services;

24

1         G.     copies of all contracts and communications with vendors providing payment

2 processing services; and

3         H.     copies of all contracts with vendors providing lead generation services.

4 <div align="center">**XIII.    COMPLIANCE MONITORING**</div>

5         IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's

6 compliance with this Order, including the financial representations upon which part of the

7 judgment was suspended and any failure to transfer any assets as required by this Order:

8         A.     Within 14 days of receipt of a written request from a representative of the

9 Commission, Settling Defendant must:  submit additional compliance reports or other requested

10 information, which must be sworn under penalty of perjury; appear for depositions; and produce

11 documents for inspection and copying.  The Commission is also authorized to obtain discovery,

12 without further leave of court, using any of the procedures prescribed by Federal Rules of Civil

13 Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

14         B.     For matters concerning this Order, the Commission is authorized to communicate

15 directly with Settling Defendant.  Settling Defendant must permit representatives of the

16 Commission to interview any employee or other Person affiliated with Settling Defendant who

17 has agreed to such an interview.  The Person interviewed may have counsel present.

18         C.     The Commission may use all other lawful means, including posing, through its

19 representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or

20 any individual or entity affiliated with Settling Defendant, without the necessity of identification

21 or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory

22 process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

23

24

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIV.      RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS FURTHER ORDERED** that the Joint Motion for Permanent Injunction (ECF No. 77) is **GRANTED**.

Dated this __9__ day of September, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court

1  **SO STIPULATED AND AGREED:**
   **FOR PLAINTIFF:**

2

   **FEDERAL TRADE COMMISSION**

3

4

   Date: _9-8-25_

5  Luis H. Gallegos,
   Oklahoma Bar No. 19098

6  Reid A. Tepfer,
   Texas Bar No. 24079444

7  Federal Trade Commission
   1999 Bryan St., Suite 2150

8  Dallas, TX 75201
   (214) 979-9383; lgallegos@ftc.gov

9  (214) 979-9395; rtepfer@ftc.gov
   Fax: (214) 953-3079

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1      **SETTLING DEFENDANT:**

2

3      **DAVID HERNANDEZ**

4      _____          Date: 8/14/2025

       David Hernandez, individually

5

6

7      **VANESSA FREDRICKSEN**

8      _____          Date: 8/14/2025

9      Vanessa Fredricksen
       As to Findings 4 and 5, and Sections VII.D and VII.I only

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24