LUIS GALLEGOS
   Oklahoma Bar No. 19098; lgallegos@ftc.gov
REID TEPFER
   Texas Bar No. 24079444; rtepfer@ftc.gov

Federal Trade Commission
1999 Bryan St., Suite 2150
Dallas, TX 75201
Phone: (214) 979-9383 (Gallegos)
Fax: (214) 953-3079

*Attorneys for Federal Trade Commission*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission,<br><br>        Plaintiff,<br><br>vs.<br><br>Superior Servicing, LLC, et. al.,<br><br>        Defendants. | Case No.: 24-CV-2163<br><br>**AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Fed. R. Civ. P. 26(f) and LRs 6-2, 26-1(a) and (b) and in compliance with the Court's Order of September 19, 2025, Doc. No. 88, Plaintiffs Federal Trade Commission and Defendant Dennise Merdjanian (collectively, "the Parties"), by and through their respective counsel, submit the following Amended Stipulated Discovery Plan and Scheduling Order ("Amended Discovery Plan"). The Parties submit this Amended Discovery Plan to address the issues outlined in the Court's September 19, 2025, Minute Order.

As detailed within, since filing this case, the FTC has: sought and, once granted, implemented a Temporary Restraining Order and Preliminary Injunctions including an asset freeze and the appointment of a receiver; secured and undertook discovery of extensive assets; amended its complaint to add seven additional defendants; moved for and obtained default against six corporate defendants; and conducted extensive settlement negotiations with all three individual defendants. These negotiations have resolved the FTC's action against two defendants and resulted in substantial progress towards settlement with Defendant Merdjanian. Throughout, the parties have kept the Court apprised of relevant deadlines and sought appropriate extensions. In short, the FTC's actions have substantially narrowed the issues remaining for litigation, thus sparing both the Parties' and the Court's resources.

When the Commission filed its initial Complaint against Defendants Superior Servicing, LLC and Denise Merdjanian in November 2024, it sought and was granted an *Ex Parte* Temporary Restraining Order. That order appointed a Receiver over the corporate defendants, froze assets held by defendants and related on third parties, and allowed the FTC to take expedited discovery, including obtaining documents related to financial accounts and operation of the Defendants' businesses. *See* Doc. No. 3. Under that order, the Receiver and the FTC worked diligently to identify and, in many cases, ascertain the value of assets that could be used to compensate consumers for the alleged harms.

Subsequently, the Court held two Preliminary Injunction hearings. At the conclusion of the second Preliminary Injunction hearing held on December 19, 2024, the Court asked the parties about the next steps in this litigation. Counsel for the FTC and the Defendants advised the Court that they would like to engage in settlement negotiations in the hopes of resolving this matter without the need to expend additional judicial or party resources. Counsel for Defendant Merdjanian specifically represented to the Court his client's desire to settle this matter and requested the opportunity to do so. The Court thereafter entered a preliminary injunction continuing the Receivership and allowing the FTC and the Receiver to continue to identify defendants' assets.

Following the December 19th hearing, the parties diligently proceeded with the steps discussed at the Second Preliminary Injunction hearing. The FTC filed its Amended Complaint,

Doc. No. 57, on March 26, 2025, naming two additional individual defendants and five additional corporate defendants. In May 2025, the FTC subsequently sought and received the Clerk's Entry of Default as to the six corporate defendants. *See* Doc. 70.

The FTC and individual defendants also engaged in extensive settlement negotiations. These negotiations required agreement concerning extensive injunctive relief terms and the identification, appraisal, and turnover of complicated assets, including retirement accounts, real property, vehicles, and a yacht. *See* Doc No. 77. During these negotiations, in June and August 2025, the FTC and the two settling individuals, one of whom was pro se, stipulated to, and the Court granted, two extensions of the required responsive pleading dates. *See* Doc. Nos. 73-76. These settlement negotiations were largely successful and resulted in proposed stipulated orders for two of the three individual defendants, which the Court entered on September 11, 2025. *See* Doc. Nos. 85, 86.

The FTC and Defendant Merdjanian likewise engaged in negotiations, as outlined further below. *See* No. 7. In addition, under the TRO and PIs, FTC counsel requested detailed information from Merdjanian about her assets. However, these negotiations between the Parties reached an impasse. At the same time, between defaults and settlements, it became clear that no other defendant would need to file a responsive pleading before the Parties undertook discovery. At that point, the Parties promptly conducted their 26(f) conference and filed their proposed discovery plan. *See* Doc. No. 87. The Parties remain hopeful that this matter can be resolved by settlement, but request that the Court enter the discovery plan in light of the impasse.

Accordingly, the parties jointly propose the following litigation deadlines, which remain unchanged from their initial proposal:

1. **Fed. R. Civ. P. 26(f) Meeting**: On September 4, 2025, counsel for the parties conferred telephonically to discuss the matters required by Fed. R. Civ. P. 26(f) and LR 26-1.
2. **Initial Disclosures**: The parties agree that they will each make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **September 25, 2025**. The Parties deviated from the 14-day requirement under the rule by one week.

-3-

3. **Discovery Plan**: Except as set forth in the preliminary injunctions (ECF Nos. 30 and 42) entered by the Court, the parties do not request phased or limited discovery or any order under Rule 26(b).

   a. **Subjects of Discovery**: Discovery may be conducted on all discoverable matters relevant to issues raised by the Amended Complaint and any subsequent pleadings, consistent with the Federal Rules of Civil Procedure and the Local Rules. The parties intend to conduct discovery using oral depositions, written interrogatories, requests for production of documents, and requests for admissions. The parties agree that any privilege log will exclude any internal communications of Plaintiff and any attorney-client communications of Defendant Merdjanian.

   b. **Discovery Cut-Off Date:** Defense counsel entered his appearance on behalf of the first defendant on December 5, 2024. The parties have agreed that all discovery will close on **March 3, 2026**.

      i. The parties have requested a fact discovery period longer than 180 days from the date the first defendant appeared. The requested March 3, 2026 date is 180 days from the date of the parties 26(f) conference, which was held on September 4, 2025. On March 26, 2025, Plaintiff filed an amended complaint which was answered by Defendant Merdjanian on April 2, 2025. After failing to reach an agreement on a proposed settlement, the parties scheduled a 26(f) conference.

   c. **Expert Discovery Period**: The parties agree that the disclosure of experts and the depositions of experts will proceed as follows:

      i. The disclosure of experts shall be made on **January 2, 2026**, which is 60 days before discovery cutoff.

      ii. The disclosure of rebuttal experts shall be made on **February 1, 2026**, which is 30 days before discovery cutoff.

d. **Depositions**:

   i. The parties agree that:

      1. The expert depositions shall not count towards the number of depositions permitted under Rule 30(a)(2).

      2. An individual who has been designated under Fed. R. Civ. P. 30(b)(6) to testify on behalf of an organization may also be subject to a separate deposition in his or her individual capacity.

      3. The parties agree to raise the Rule 30(a)(2)(A)(i) limit from 10 depositions per side to 15 per side.

e. **Electronically Stored Information**: The parties agree that a protocol governing the production of electronically stored information ("ESI") may be necessary in this case. The parties will confer in attempt to come to a mutually agreeable ESI protocol.

f. **Protective Order:** The parties agree that a protective order is not needed at this time, as the parties have agreed to redact any personally identifiable information from any documents produced in discovery. If this changes, the parties agree to negotiate agreeable language for a protective order to be submitted to the Court.

4. **Amending the Pleadings and Adding Parties**: The parties agree that any motion to amend pleadings or add parties shall be filed no later than **December 3, 2025**. This date is consistent with LR 26-1(b)(2).

5. **Dispositive Motions**: The parties agree that the deadline for filing dispositive motions shall be **May 2, 2026**. This proposed date would provide an additional 30 days for parties to file such motions than what is provided under LR 26-1(b)(4). The parties believe a short extension on this deadline is appropriate, given the complexity of the action.

6. **Pretrial Order**: The parties agree that the Joint Pretrial Order shall be filed no later than **June 1, 2026**, which is 30 days after the dispositive-motion deadline and consistent with LR 26-1(b)(5). If dispositive motions are filed, the deadline for filing the joint pretrial

order will be suspended until 30 days after decision on the dispositive motions or further court order. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections to them, must be included in the joint pretrial order.

7. **Alternative Dispute Resolution**: Plaintiff has provided Defendant Merdjanian with a proposed settlement. The parties have discussed the proposed settlement, and Plaintiff has made changes to such proposed settlement based on Defendant Merdjanian's concerns. The parties will continue their efforts to negotiate a settlement between themselves. However, the parties believe that a virtual settlement conference attended by Defendant Merdjanian before a Magistrate Judge would have the greatest likelihood of resolving this matter.

8. **Alternative Forms of Case Disposition**: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties do not believe that this case is suitable for trial by Magistrate Judge or for the Short Trial Program.

9. **Later Appearing Parties**: Plaintiffs shall serve a copy of the Discovery Plan and Scheduling Order upon any person or entity served after it is entered or, if additional parties should appear, within five (5) days of their first appearance. The Discovery Plan and Scheduling Order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: LR 26-3 governs modifications or extensions of the Discovery Plan and Scheduling Order entered in the present case.

11. **Other Matters**: Pursuant to Fed. R. Civ. P. 5(b)(2), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules.

Consistent with and based on the foregoing, the parties submit the below proposed deadlines:

| FRCP 26(f); LR 26-1(b) | **Proposed Deadlines** |
|---|---|
| **Initial Disclosures** | September 25, 2025 |
| **Discovery Cut-Off:** Unless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review | March 3, 2026 |
| **Amending Pleadings/Adding Parties:** 90 days before the close of discovery | December 3, 2025 |
| **Initial Expert Disclosures:** 60 days before the close of discovery | January 2, 2026 |
| **Rebuttal Expert Disclosures:** 30 days after the initial disclosure of experts | February 1, 2026 |
| **Dispositive Motions:** 60 days after the close of discovery | May 2, 2026 |
| **Joint Pretrial Order:** 30 days after the dispositive-motion deadline; pretrial disclosures and objections thereto must be included | **June 1, 2026** *(or 30 days after ruling on dispositive motions)* |

**IT IS SO ORDERED.**

_____
**Hon. Maximiliano D. Couvillier III
United States Magistrate Judge**

**DATED:   9-26-25**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

<u>/s/ Luis H. Gallegos</u>                              Date:   September 24, 2025
Luis H. Gallegos, Oklahoma Bar No. 19098
Reid A. Tepfer, Texas Bar No. 24079444
1999 Bryan St., Suite 2150
Dallas, TX 75201
(214) 979-9383; lgallegos@ftc.gov
(214) 979-9395; rtepfer@ftc.gov
Fax: (214) 953-3079

**FOR DEFENDANT MERDJANIAN:**

<u>/s/ Rowland Graff</u>                              Date:   September 24, 2025
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
P. ROWLAND GRAFF, ESQ.
Nevada Bar No. 015050
CORY READ DOWS & SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
rgraff@crdslaw.com
Attorneys for Defendant
DENNISE MERDJANIAN

**CERTIFICATE OF SERVICE**

I, Luis H. Gallegos, hereby certify that I electronically filed the foregoing with the Court using CM/ECF.

Dated: September 24, 2025

/s/ *Luis H. Gallegos*
LUIS H. GALLEGOS
Attorney for Plaintiff
Federal Trade Commission